# Morgan & Finnegan, L.L.P.

| | | | | |
|---|---|---|---|---|
| DAVID H. PFEFFER | JOHN T. GALLAGHER* | A Registered Limited Liability Partnership | SCOTT D. GREENBERG | JON A. CHIODO |
| HARRY C. MARCUS | STEVEN F. MEYER* | | DAVID V. ROSSI | PAMELA A. KAYATTA |
| EUGENE MOROZ | KENNETH H. SONNENFELD | 3 WORLD FINANCIAL CENTER | KIMBER L. BLACKBURN | ROBERT P. NUPP |
| JOHN F. SWEENEY' | DAVID H.T. KANE | NEW YORK, NY 10281-2101 | JOHN T. MOEHRINGER | DANIELLE VINCENTI TULLY |
| ARNOLD I. RADY' | SIEGRUN D. KANE | TEL: 212-415-8700 | SYBIL A. LOMBILLO | JEANNA M. WACKER |
| CHRISTOPHER A. HUGHES | TONY V. PEZZANO | | MATTHEW K. BLACKBURN* | KATHERINE S. BROWN |
| WILLIAM S. FEILER' | ANDREA L. WAYDA | FAX: 212-415-8701 | JAMES HWA' | JESSICA L. RANDO |
| JANET DORE | MICHAEL S. MARCUS' | www.morganfinnegan.com | TOD M. MELGAR | TODD L. FETTIG |
| JAMES W. GOULD' | JOHN E. HOEL*' | | MAREN C. PERRY | JASON STOWE |
| RICHARD C. KOMSON | JOHN W. OSBORNE | | DAVID M. LA BRUNO | KIMBERLY A. TUSA |
| CHRISTOPHER K. HU | ROBERT K. GOETHALS | | KEITH J. McWHA' | ERIC N. HOOVER'' |
| BARTHOLOMEW VERDIRAME | PETER N. FILL | | | SETH SILVERMAN* |
| DICKERSON M. DOWNING | RICHARD STRAUSSMAN* | WRITER'S DIRECT DIAL NUMBER | | |
| MARIA C. H. LIN | STEPHEN J. MANETTA | | | SCIENTIFIC ADVISORS |
| JOSEPH A. DeGIROLAMO | KATHLEEN E. McCARTHY | (212) 415-8565 | | SUNGHO HONG, PH.D. |
| MICHAEL P. DOUGHERTY | DOROTHY R. AUTH | | ERIC G. WRIGHT*' | EVELYN M. KWON, PH.D. |
| SETH J. ATLAS | MICHAEL O. CUMMINGS | jdore@morganfinnegan.com | MARK D. PRATT*' | JOSEPH ENG, JR., PH.D |
| ANDREW M. RIDDLES* | GERARD A. HADDAD | June 20, 2005 | REGINA M. LUTZ | MICHAEL A. WILLIS, PH.D. |
| BRUCE D. DeRENZI | RICHARD W. ERWINE | | MARY ANN COLOMBO | PETER G. FOILES, PH.D. |
| MARK J. ABATE | KENT STEVENS*' | | JONATHAN D. BALL | DEBORAH DRAZEN, PH.D. |
| | | | JANICE A. CHRISTENSEN | SANDRA BROWN, PH.D. |
| COUNSEL | SENIOR COUNSEL | | CHRISTOPHER E. COPELAND | ANGUS GILI |
| JOHN C. VASSIL | JEROME G. LEE | | PING GU | BRIAN W. BROWN |
| J. ROBERT DAILEY | THOMAS P. DOWLING | | ERIC L. LANE | JOHN J. WAKELEY |
| ROGER S. SMITH | JOHN A. DIAZ | | SANDRA S. SHIM | ELLIOT L. FRANK |
| JOSEPH C. REDMOND, JR.' | ALFRED P. EWERT' | | ALEXANDER RUDIS | |
| HERBERT BLECKER | STEPHEN R. SMITH | | JENNIFER BIANROSA | '' ADMITTED IN CALIFORNIA |
| GEORGE TACTICOS'' | KURT E. RICHTER | | AARON P. BUMGARNER | * ADMITTED IN CONNECTICUT |
| | | | FRANK SEDLARCIK | ' ADMITTED IN WASHINGTON, D.C. |
| | | | HEATHER CHAMPION BRADY | * NOT ADMITTED IN NEW YORK |

**MEMO ENDORSED** 

**By Hand**

Honorable Kenneth M. Karas
United States District Judge
United States District Court
Southern District of New York
New York, NY 10007

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/24/05
```

        Re:    Request for Pre Motion Conference
                  <u>Unique Industries v. Siu & Sons, 05 CV 2744 (KMK)</u>

Dear Judge Karas:

        We represent Defendant Siu & Sons Int'l Trading Corp. ("Siu & Sons") in the above-captioned matter. In accordance with the Court's Individual Practices ¶ 2.A., we write to request a pre-motion conference regarding a motion to dismiss for lack of personal jurisdiction we intend to file in lieu of an Answer pursuant to Rule 12(b)(2), Fed. R. Civ. P.

        Pursuant to the Order signed by the Court on May 27, 2005, Defendant's time to answer or otherwise move with respect to the Complaint was extended to June 20, 2005. The Court had previously granted one extension. Defendant believed until just last week that this case could be settled by June 20 and that a motion to dismiss would not be necessary, but that has not happened. Given the Court's rule on the timing of a request for a pre-motion conference, and the June 20 date to respond to the complaint, we contacted the Court's case manager, Ms. Eileen Levine, for guidance on how to proceed. We were advised to write the instant letter and to request an additional extension to file the motion until after the Court's pre-motion conference.

---

SAN FRANCISCO OFFICE: 44 MONTGOMERY STREET, SUITE 2550, SAN FRANCISCO, CA 94104-4712  TEL: 415-318-8800  FAX: 415-676-5816
STAMFORD OFFICE: 100 FIRST STAMFORD PLACE, STAMFORD, CT 06902  TEL: 203-391-2100  FAX: 203-391-2101
WASHINGTON OFFICE: 1775 EYE STREET, NW, SUITE 400, WASHINGTON, DC 20006-2401  TEL: 202-857-7887  FAX: 202-857-7929

926176 v1

Honorable Kenneth M. Karas
June 20, 2005
Page 2

### A.  Summary Of The Case

Plaintiff Unique Industries brought this case for copyright and patent infringement under both United States and Canadian law. Defendant Siu & Sons was served with the complaint on March 30, 2005 in Canada. This was the first Siu & Sons had heard of Plaintiff's claims. Siu & Sons had never received a "cease and desist" letter from Plaintiff, nor had defendant seen versions of the goods containing any indicia suggesting Plaintiff owned any intellectual property rights in any of the balloon, wrapping paper, piñata, etc. designs asserted in the complaint.

As soon as Siu & Sons received the complaint, it immediately stopped selling the accused products and moved its remaining inventory to a locked, off-site storage facility so that no more accused products could be sold. Since that time, in the hope of settlement, Siu & Sons has provided plaintiff's counsel with printouts of its confidential computerized financial records showing each transaction for each sale of the accused products.

Those documents show that Siu & Sons began selling the accused products in the United States in January 2005. Siu & Sons stopped selling all of them, including in Canada, when it was served with the Summons and Complaint in this action at the end of March. During that time, only $ 524 (Canadian dollars) of the accused products were sold in the U.S., about half of which was sold to Guam, and only $ 10,964 (Canadian dollars) of the accused products were sold in Canada. Despite providing detailed confidential financial records, Siu & Sons never received a settlement proposal from plaintiffs, and therefore must now respond and move to dismiss the complaint.

### B.  Motion To Dismiss For Lack Of Personal Jurisdiction Under 12(b)(2) F.R.C.P.

With the Court's consent, Defendant Siu & Sons will move for an Order dismissing the Complaint against it for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2) on the grounds that (1) Siu & Sons' contacts with this District do not satisfy the requirements of Sections 301 and 302 of the New York Long-Arm Statute; and (2) Siu & Sons does not have minimum contacts with this district as required by the due process clause of the Constitution.

Some of the facts that support Defendant's motion are set forth below:

- Siu & Sons is a privately-owned Canadian corporation and has its principal place of business in British Columbia, Canada. Siu & Sons imports party supplies such as paper goods, balloons, piñatas, and other party decorations from China and other countries in Asia, and resells them, on a wholesale level, to retail stores. Siu & Sons does not sell directly to consumers.

- Siu & Sons has no presence in New York and does not conduct business in, to, or from New York.

926176 v1

Honorable Kenneth M. Karas
June 20, 2005
Page 3

- Siu & Sons has no customers located in New York. Siu & Sons' customers are located in Canada and in states other than New York.

- Siu & Sons did not sell any of the products accused of copyright infringement and patent infringement in the Complaint to customers in New York. Its only U.S. sales of the accused goods were to Guam, Maine and Montana.

- Siu & Sons does not advertise any of its products, including the accused products, in any magazines, newspapers, trade journals or other publications or in the broadcast media anywhere, including New York State.

- Siu & Sons markets its products, including the accused products, through catalogs. There are no New York companies on its mailing list for these catalogs.

- Siu & Sons operates a website at www.siunsons.com. While some general information pages about the company are accessible to anyone who visits the site, the portion of the site that displays the goods offered for sale is only available to registered customers. To apply to be a registered customer, one must go to the New Account web page and fill out a form that requires a user to provide Siu & Sons with the legal name of the customer, the store's name, the customer's address, and the customer's IRS number. The customer is also asked to provide a user ID and a password for use in signing in to the web site in the future to view the Siu & Sons on-line catalog and to make purchases via the web site. There is no one from New York, other than counsel in this case, who has been provided with such access to the product portion of the Siu & Sons website.

- The products accused of copyright infringement and patent infringement in the Complaint never appeared on the Siu & Sons web site.

In sum, Defendant has absolutely no contacts with New York. The details establishing that defendant has no contacts with New York, in addition to those above, will be provided in a declaration in support of Defendant's motion. Even Plaintiff Unique Industries is not based in New York – it is based in Pennsylvania. The sole connection to New York appears to be that Plaintiff's attorney is located here. Thus, it is submitted that this Court does not have personal jurisdiction over the defendant and, given Plaintiff's own location outside the state, and the fact that most of the sales occurred in Canada and thus are governed by Canadian law, this case should be dismissed. Accordingly, Defendant requests a conference to discuss the filing of its motion to dismiss and extension of time to move or to answer the Complaint.

926176 v1

Honorable Kenneth M. Karas
June 20, 2005
Page 4

                                              Respectfully submitted,

                                              MORGAN & FINNEGAN, L.L.P.

                                              Janet Dore (JD 2992)
                                              Attorneys for Defendant Siu & Sons

cc:    BY FACSIMILE
       Gerard F. Dunne, Esq.,
       Law Office of Gerard F. Dunne, P.C.
       156 Fifth Avenue, Suite 1223
       New York, NY 10010-2007
       Fax: 212-645-2435
       Counsel for Plaintiff Unique Industries

> Plaintiff is to respond to this letter by June 24, 2005. Defendant's time to answer or otherwise respond to the complaint is extended until June 29, 2005. By that time, the Court either will have a pre-motion conference or set a briefing schedule - and further extend the deadline accordingly.
>
> SO ORDERED
> /s/ Kenneth Karas, U.S.D.J.
> 6/20/05

926176 v1