Janet Dore (JD2992)
Gerard A. Haddad (GH2801)
Danielle V. Tully (DT1473)
MORGAN & FINNEGAN, L.L.P.
3 World Financial Center
New York, New York 10281-2101
(212) 415-8700
(212) 415-8701 (Fax)
Attorneys for Defendant

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNIQUE INDUSTRIES, INC., <br><br> Plaintiff, <br><br> -against- <br><br> SIU & SONS INT'L TRADING CORP. <br><br> Defendant. | 05 Civ. 02744 (KMK) <br><br> ECF Case – Electronically Filed |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT SIU & SONS INT'L TRADING CORP.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION PURSUANT TO FED. R. CIV. P. 12(b)(2)

# TABLE OF CONTENTS

**Page(s)**

I.    NATURE AND STAGE OF PROCEEDINGS ...................................................1

II.   INTRODUCTION AND SUMMARY OF THE ARGUMENT.......................................1

III.  ARGUMENT ............................................................................................3

    A.    Applicable Legal Standards.................................................................3

    B.    C.P.L.R. § 301 Provides No Basis For Jurisdiction Over Siu & Sons....................3

    C.    C.P.L.R. § 302(a) Provides No Basis For Personal Jurisdiction Over
          Siu & Sons.................................................................................5

          1.    Siu & Sons Does Not "Transact Business" In New York .........................6

          2.    Siu & Sons Committed No Tortious Acts In New York ..........................8

          3.    Siu & Sons' Alleged Activities Do Not Satisfy C.P.L.R. §
              302(a)(3) ...........................................................................9

              a.    There Was No Injury In New York ...............................9

              b.    Siu & Sons Does Not Regularly Engage In Activities In
                  New York ...............................................................10

              c.    Siu & Sons Could Not Reasonably Expect Its Acts To
                  Have Consequences In New York.................................11

    D.    Subjecting Siu & Sons To Personal Jurisdiction In New York Violates
          Due Process ...............................................................................12

IV.   CONCLUSION ........................................................................................15

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

American Eutectic Welding Alloys Sales Co. v. Dytron Alloys Corp.,
439 F.2d 428 (2d Cir. 1971) .......................................................................9

Ball v. Metallurgie Hoboken-Overpelt, S.A.,
902 F.2d 194 (2d Cir. 1990), cert. denied, 498 U.S. 854 (1990) ......................................3, 4, 5

Beacon Enters., Inc. v. Menzies,
715 F.2d 757 (2d Cir. 1983) .......................................................................6

Bensusan Restaurant Corp. v. King,
937 F. Supp. 295 (S.D.N.Y. 1996) ...........................................................12

Cutco Indus. v. Naughton,
806 F.2d 361 (2d Cir. 1986) .......................................................................6

Darby v. Compagnie Nationale Air France,
769 F. Supp. 1255 (S.D.N.Y. 1991)......................................................12, 13

DeSantis v. Hafner Creations,
949 F. Supp. 419 (E.D. Va. 1996) ...........................................5, 7, 8, 10, 11, 15

Don King Prods., Inc. v. Douglas,
735 F. Supp. 522 (S.D.N.Y. 1990) ...........................................................9

Edberg v. Neogen Corp.,
17 F. Supp. 2d 104 (D. Conn. 1998) ....................................................13, 14

Falik v. Smith,
884 F. Supp 862 (S.D.N.Y. 1995).........................................................3, 8

Frummer v Hilton Hotels Int'l.,
227 N.E.2d 851 (N.Y. 1967) .....................................................................4

Hoffritz for Cutlery, Inc. v. Amajac, Ltd.,
763 F.2d 55 (2d Cir. 1985) ......................................................................3, 4

International Shoe Co. v. Washington,
326 U.S. 310 (1945)...............................................................................3, 12

Mareno v. Rowe,
910 F.2d 1043 (2d Cir. 1990) .....................................................................9

Mattel, Inc. v. Adventure Apparel,
No. 00 Civ. 4085,  2001 U.S. Dist. LEXIS  3179 (S.D.N.Y. March 22, 2001) .........................7

Mattel, Inc. v. Anderson,
No. 04 Civ. 5275 U.S. Dist. LEXIS 14404 (S.D.N.Y. Jul. 18, 2005).......................................7

Millennium Enters. v. Millennium Music,
33 F. Supp. 2d 907 (D.Ore. 1999)............................................................7

Modern Computer Corp. v. Ma,
  862 F. Supp 938 (E.D.N.Y. 1994) ........................................................... 3

Monsanto Int'l Sales Co. v. Hanjin Container Lines, Ltd.,
  770 F. Supp. 832 (S.D.N.Y. 1991) ..................................................... 3, 11

Reiss v. Steigrod,
  866 F. Supp. 747 (S.D.N.Y. 1994) ........................................................ 8

Rothschild v. Paramount Distillers, Inc.,
  923 F. Supp. 433 (S.D.N.Y. 1996) ........................................................ 3

Stewart v. Vista,
  56 U.S.P.Q.2d 1842 (S.D.N.Y. 2000) ........................................ 7, 8, 12, 14

United Bank of Kuwait, PLC v. James M. Bridges, Ltd.,
  766 F. Supp. 113 (S.D.N.Y. 1991) ...................................................... 12

## STATUTES AND RULES

N.Y. C.P.L.R. 301 (2005) ................................................................. passim

N.Y. C.P.L.R. 302 (2005) ................................................................. passim

## OTHER AUTHORITIES

Canadian Copyright Act (R.S.C., c. C-42) .................................................. 1

Copyright Laws of the U.S. (17 USC § 101 et seq) ....................................... 1

Va Code Ann. § 8/01-328.1 (2005) .................................................... Ex. B

941039 v1

## I.    NATURE AND STAGE OF PROCEEDINGS

On March 9, 2005, Plaintiff Unique Industries, Inc. ("Unique") filed this action against Defendant Siu & Sons Int'l Trading Corp. ("Siu & Sons") alleging copyright infringement under the Copyright Laws of the United States (17 U.S.C. §101 *et seq.*); copyright infringement under the Universal Copyright Convention and The Berne Convention; copyright infringement under the laws of Canada, including the Canadian Copyright Act (R.S.C., c. C-42); inducement of others to infringe valid international copyrights; and infringement of and inducement of others to infringe U.S. Patent Nos. 6,523,798 ("the '798 patent") and 6,688,939 ("the '939 patent").  (See Complaint, generally.)

Siu & Sons hereby moves this Court for an Order dismissing the Complaint in its entirety for lack of personal jurisdiction pursuant to FED. R. CIV. P. 12(b)(2).  This memorandum of law along with the accompanying Declaration of Kelly Siu[1] ("Siu Decl.") is filed in support of the Defendant's 12(b)(2) Motion.

## II.    INTRODUCTION AND SUMMARY OF THE ARGUMENT

The Complaint against Siu & Sons should be dismissed pursuant to FED. R. CIV. P. 12(b)(2) because this Court lacks personal jurisdiction over Siu & Sons.  Siu & Sons is a privately-owned Canadian corporation, having its principal place of business in British Columbia, Canada. (Siu Decl. ¶ 4.)  Siu & Sons imports party supplies from China and from other parts of Asia and Canada, and resells them, on a wholesale level, to retail stores, but does not sell directly to consumers.  (See Id.)

Siu & Sons has no presence in New York.  Siu & Sons has neither an office nor employees in New York, nor does it own or lease any real property, warehouses or any plant in the

---

[1] Attached as Ex. A.

state.  (Siu Decl. ¶¶ 9, 11.)  It does not have a bank account or a telephone listing in New York.  (Siu Decl. ¶¶ 9, 12.)  This has always been and continues to be the case.

In its Complaint, Unique asserts that  "[Siu] & Sons has transacted business in the State of New York by offering for sale and selling within this Judicial District by interactive internet sites and direct sales products infringing the rights of Plaintiff…".  (Complaint at ¶3.)  However, the only sale that Siu & Sons has ever made to a "customer" in New York was one orchestrated by Plaintiff's counsel for the sole purpose of gaining jurisdiction over Siu & Sons.  The total cost of that sale was $338.40 (Canadian dollars), and only $59.76 (Canadian dollars) of this amount was attributable to purchases of the accused products.  (Siu Decl. ¶ 6.)  Aside from Plaintiff's counsel, all of Siu & Sons' legitimate customers are located in Canada or in states other than New York.  (Siu Decl. ¶¶ 6, 8.)

Siu & Sons does operate a Web site at www.siunsons.com.  (Siu Decl. ¶18.)  While accessible to anyone in New York (or anywhere in the world, for that matter), the Web site in no way targets New York customers.  Moreover, while some general information pages are accessible to anyone who visits the site, the portion of the site that displays the goods offered for sale is available to registered customers only.  (Id.)  There is no one from New York, other than Siu & Sons' counsel in this case and Plaintiff's counsel who created an account for the purpose of obtaining jurisdiction, who has been provided with such access to the product portion of this Web site.  (Id.)

In summary, Siu & Sons' activities do not constitute facts which comport with the jurisdictional requirements of New York Civil Practice Law and Rule ("C.P.L.R.") §301 or §302 or the Due Process Clause of the United States Constitution.  Accordingly, lack of personal jurisdiction warrants dismissal of this action pursuant to FED. R. CIV. P. 12(b)(2).

941039 v1

## III.    ARGUMENT

### A.    Applicable Legal Standards

Personal jurisdiction is determined by the law of the state in which the court sits.  See Rothschild v. Paramount Distillers, Inc., 923 F. Supp. 433, 436 (S.D.N.Y. 1996).  Under New York law, this Court must follow a two-step procedure in order to determine whether there is personal jurisdiction over Siu & Sons:  (1) the Court must determine whether C.P.L.R. §301 or §302 provides a basis for personal jurisdiction; and (2) if either does, the Court must then conduct a constitutional inquiry to determine whether the exercise of personal jurisdiction over Defendant Siu & Sons would offend due process pursuant to International Shoe Co. v. Washington, 326 U.S. 310 (1945), and its progeny.  See Modern Computer Corp. v. Ma, 862 F. Supp 938, 944 (E.D.N.Y. 1994).

Since this 12(b)(2) Motion has been brought prior to discovery or an evidentiary hearing, Plaintiff bears the burden of making a *prima facie* showing that jurisdiction exists.  See Ball v. Metallurgie Hoboken-Overpelt, S.A., 902 F.2d 194, 196-197 (2d Cir. 1990), cert. denied, 498 U.S. 854 (1990) ; Hoffritz for Cutlery, Inc. v. Amajac, Ltd., 763 F.2d 55, 57 (2d Cir. 1985).  Plaintiff cannot simply put forth an unsupported allegation that personal jurisdiction exists, but must be able to plead legally sufficient factual allegations of jurisdiction in accordance with Rule 11's good faith requirement in order to defeat the Motion.  See Ball, 902 F.2d at 197; Falik v. Smith, 884 F. Supp 862, 865 (S.D.N.Y. 1995);  see also Monsanto Int'l Sales Co. v. Hanjin Container Lines, Ltd., 770 F. Supp. 832, 838-839 (S.D.N.Y. 1991) ("While discovery on the question of personal jurisdiction is sometimes appropriate when there is a motion to dismiss for lack of jurisdiction, plaintiffs must first make a threshold showing that there is some basis for the assertion of jurisdiction.")

### B.    C.P.L.R. § 301 Provides No Basis For Jurisdiction Over Siu & Sons

C.P.L.R. § 301 states: "A court may exercise jurisdiction over persons, property, or status as might have been exercised heretofore."  N.Y. C.P.L.R. 301 (2005).  C.P.L.R. § 301 has

941039 v1

been construed to authorize the exercise of jurisdiction over a foreign corporation if the defendant "does business" in New York in the "traditional sense." <u>Ball</u>, 902 F.2d at 198.

To determine whether a foreign corporation "does business" in New York, courts "have focused upon factors including: the existence of an office in New York; the solicitation of business in the state; the presence of bank accounts and other property in the state; and the presence of employees of the foreign defendant in the state." <u>Hoffritz</u>, 763 F.2d at 58.  The phrase "traditional sense" has been consistently interpreted to mean that C.P.L.R. § 301 applies only when the defendant is engaged in "such a continuous and systematic course of 'doing business' [in New York] as to warrant a finding of its 'presence' in the jurisdiction." <u>See</u> <u>Ball</u>, 902 F.2d at 198, <u>quoting</u> <u>Frummer v Hilton Hotels Int'l.</u>, 227 N.E.2d 851, 853 (N.Y. 1967).  Importantly, this means that occasional or casual business in New York <u>does not</u> suffice to allow the exercise of personal jurisdiction over a foreign defendant under C.P.L.R. §301.  <u>See</u> <u>Hoffritz</u>, 763 F.2d at 57-58.

Siu & Sons has not engaged in such a continuous and systematic course of doing business in New York as to warrant a finding that it is present in the jurisdiction.  <u>See</u> N.Y. C.P.L.R. 301 (2005); <u>Ball</u>, 902 F.2d at 198.  Siu & Sons does not solicit business in New York; it does not posses any bank accounts in New York; it does not own or lease any property in New York; and it does not have any employees in the state.  (Siu Decl. ¶¶ 9-12.)  While the Complaint alleges Siu & Sons has "transacted business in the State of New York by offering for sale and selling within this Judicial District by interactive internet site and direct sales" products accused of patent and copyright infringement (Complaint at ¶3), Siu & Sons has actually made only one sale in New York, of which a mere $59.76 (Canadian dollars) is attributable to the accused products.  (Siu Decl. ¶6.)

However, Siu & Sons did not initiate this single transaction.  Rather, it was orchestrated by a paralegal employed by Plaintiff's counsel who created a customer account in order

4

to purchase at least some of the accused products via Siu & Sons' Internet Web site.  (Siu Decl. ¶ 6.)
This unsolicited, single sale is hardly the type of continuous and systematic course of doing business
required for personal jurisdiction under C.P.L.R. §301.  See Ball, 902 F.2d at 198.   Instead, it was
an attempt by Plaintiff to manufacture personal jurisdiction.  As such, Plaintiff has not made the
required *prima facie* showing that Siu & Sons is subject to personal jurisdiction under C.P.L.R.
§301.  See DeSantis v. Hafner Creations,[2] 949 F. Supp. 419 (E.D. Va. 1996) (the defendant did not
"transact business" in forum state when the only sale in that forum was orchestrated by a paralegal
employed by plaintiff's counsel).  Therefore, this Court does not have general jurisdiction over Siu
& Sons and the Complaint should be dismissed pursuant to FED. R. CIV. P. 12(b)(2) for lack of
personal jurisdiction because Siu & Sons does not "do business" in New York in a continuous and
systematic manner as to warrant a finding of its presence in the jurisdiction.  Ball, 902 F.2d at 198.

## C.    C.P.L.R. § 302(a) Provides No Basis For Personal Jurisdiction Over Siu & Sons

Section 302(a) provides, in relevant part:

(a) Acts which are the basis of jurisdiction. As to a cause of action arising
from any of the acts enumerated in this section, a court may exercise
personal jurisdiction over any non-domiciliary, or his executor or
administrator, who in person or through an agent:

1. transacts any business within the state or contracts anywhere to supply
goods or services in the state; or

2. commits a tortious act within the state, except as to a cause of action for
defamation of character arising from the act; or

3. commits a tortious act without the state causing injury to person or
property within the state, except as to a cause of action for defamation of
character arising from the act, if he
    (i) regularly does or solicits business, or engages in any other
persistent course of conduct, or derives substantial revenue from goods

---

[2] While DeSantis involved the applicability of the Virginia long arm statute (See Ex. B), the court's reasoning that a
single sale orchestrated by plaintiff's counsel is insufficient to confer jurisdiction over a non-resident defendant is
applicable to the question of whether general jurisdiction under C.P.L.R. §301 exists over Defendant Siu & Sons since
Virginia's long arm statute tracks New York's long arm statute.

used or consumed or services rendered, in the state, or
    (ii) expects or should reasonably expect the act to have consequences
in the state and derives substantial revenue from interstate or international
commerce… .

N.Y. C.P.L.R. 302(a) (2005).

### 1.    <u>Siu & Sons Does Not "Transact Business" In New York</u>

C.P.L.R. §302(a)(1) allows personal jurisdiction over a non-resident defendant for claims arising from the defendant's transaction of business in New York. <u>See</u> <u>Beacon Enters., Inc.</u> <u>v. Menzies</u>, 715 F.2d 757, 763 (2d Cir. 1983). Thus, this Court would have personal jurisdiction over Siu & Sons if, and only if: (i) Siu & Sons "transacts business" in New York, <u>and</u> (ii) Plaintiff's cause of action arises directly from Siu & Sons' acts within the state. <u>See</u> <u>id.</u> at 763-764; <u>see also</u> <u>Cutco Indus. v. Naughton</u>, 806 F.2d 361, 365 (2d Cir. 1986).

    Plaintiff's factual allegations fail to establish that Siu & Sons transacts business within the State of New York within the meaning of C.P.L.R. §302(a)(1). Plaintiff alleges that Siu & Sons "transacts business" in the State of New York by "offering for sale and selling within this Judicial District by interactive internet sites and direct sales" products accused of copyright infringement and patent infringement in the instant action. (Complaint at ¶3.) Since filing its Complaint, Plaintiff has provided a Declaration of F.J. Penny Zahler, in which Ms. Zahler, a paralegal employed by Plaintiff's counsel, averred that she created an account on the Siu & Sons' Web site, and that she purchased some of the accused products via the Web site, while in New York, and had them delivered to New York. (Zahler Decl. ¶¶3-6.) [3] These staged connections between Siu & Sons and the State of New York, however, fail to demonstrate that Siu & Sons "transacts business" in New York.

---

[3] Attached as Ex. C.

Just recently this Court, in <u>Mattel, Inc. v. Anderson</u>,[4] No. 04 Civ. 5275, 2005 U.S. Dist. LEXIS 14404 (S.D.N.Y. Jul. 18, 2005), explicitly held that defendant's single sale to plaintiff's investigator in New York did not confer personal jurisdiction under §302(a)(1) because it was "'nothing more than an attempt by plaintiff to manufacture a contact with this forum . . . . Defendant cannot be said to have purposefully availed [itself] of the protections of this forum when it was an act of someone associated with plaintiff, rather than [its] web site advertising, that brought [its] products into this forum.'"  2005 U.S. Dist. LEXIS 14404 at *7 (<u>quoting</u> <u>Millennium Enters. v. Millennium Music</u>, 33 F. Supp. 2d 907, 911 (D.Ore. 1999)).  As this Court noted in <u>Stewart v. Vista</u>, 56 U.S.P.Q.2d 1842, 1845 (S.D.N.Y. 2000), plaintiff's ordering an accused product in New York is a contact initiated by the plaintiff, not the defendant; unilateral acts of the plaintiff cannot translate into the defendant <u>deliberately availing</u> itself of the forum.

Further, in <u>DeSantis</u>, a single sale and shipment to the forum state of an allegedly infringing product was insufficient to support a holding that defendant had "transacted business" in the forum state under the relevant section of the Virginia long arm statute[5] where that single transaction was orchestrated by a paralegal employed by plaintiff's counsel.  <u>See</u> 949 F. Supp. at 424.  "To hold otherwise would grant plaintiffs the power to manufacture personal jurisdiction in a forum that presents hardship and inconvenience to defendants" and would "impermissibly dilute the notion that a single act must be significant in order to confer jurisdiction." <u>See</u> <u>DeSantis</u>, 949 F. Supp. at 424.

That Plaintiff's counsel allegedly purchased some of the accused products via the Internet does not mean that Siu & Sons "transacts business" in New York.  Siu & Sons has

---

[4] This case is contrary to <u>Mattel, Inc. v. Adventure Apparel</u>, No. 00 Civ. 4085, 2001 U.S. Dist. LEXIS 3179 (S.D.N.Y. March 22, 2001) an earlier case cited by Plaintiff in its letter to the Court of June 24, 2005.

[5] See Ex. B for Va. Code Ann. § 8.01-328.1 (A)(1) which tracks C.P.L.R. §302(a)(1).

7

undertaken an investigation of its customer lists and has determined that it does not have any

customers in New York, other than the customer created by Plaintiff's counsel.  (Siu Decl. ¶6.)

Moreover, Siu & Sons has determined that none of the accused products, or any other products, have

ever been sold to or shipped to anyone or any company in New York, except for its own counsel and

Plaintiff's counsel in the present action.  (Id. at ¶¶ 6, 20.)

       Like the plaintiffs in Anderson, DeSantis and Stewart, Plaintiff in this case has not

provided, and will not be able to provide, a single instance of a significant sale in New York or a

single customer in New York that was not orchestrated by Plaintiff in an attempt to manufacture

jurisdiction.  Such a unilateral act of the Plaintiff is simply not the "purposeful activity within the

state that would result in minimum contacts with the foreign state…and the protection of the laws of

the state…" Falik, 884 F. Supp. at 866 (citations omitted).  Because the only support for Plaintiff's

allegation that there is jurisdiction in New York is a single transaction orchestrated by Plaintiff's

counsel for the sole purpose of manufacturing jurisdiction in this case, it cannot be held that Siu &

Sons transacts business in New York as would justify the exercise of personal jurisdiction over it by

this Court.

       **2.**    **Siu & Sons Committed No Tortious Acts In New York**

       The New York long arm statute also permits jurisdiction over a non-resident

defendant who "commits a tortious act within the state... ."  N.Y. C.P.L.R. 302(a)(2).  The exercise

of jurisdiction under C.P.L.R. § 302(a)(2) is strictly construed, requiring that the tortious act be

committed while the non-resident defendant is physically present in New York.  See Reiss v.

Steigrod, 866 F. Supp. 747, 750 (S.D.N.Y. 1994).  Here, Plaintiff has failed to allege any facts

demonstrating Siu & Sons' presence in New York during the commission of any act, let alone a

tortious one.  To the contrary, as Siu & Sons has established, it has no physical presence in New

941039 v1

York and does not conduct business in, to or from New York.  (<u>See</u> Siu Decl., generally.)  Thus,

C.P.L.R. § 302(a)(2) affords no basis upon which the Court could legitimately exercise personal

jurisdiction over Defendant Siu & Sons.

### 3.    Siu & Sons' Alleged Activities Do Not Satisfy C.P.L.R. § 302(a)(3)

The third and final basis for the exercise of jurisdiction over a non-resident defendant

is where that defendant commits a tortious act outside the state causing injury to person or property

within the state, but if and only if the non-resident defendant:

> (i) regularly does or solicits business, or engages in any other
> persistent course of conduct, or derives substantial revenue from goods
> used or consumed or services rendered, in the state, or

> (ii) expects or should reasonably expect the act to have consequences
> in the state and derives substantial revenue from interstate or
> international commerce… .

N.Y. C.P.L.R. 302(a)(3) (2005).

### a.    There Was No Injury In New York

C.P.L.R. § 302(a)(3) "imposes as a first requirement that the tortious act cause injury to

a person or property within New York [S]tate." <u>Don King Prods., Inc. v. Douglas</u>, 735 F. Supp. 522,

530 (S.D.N.Y. 1990).  New York courts have uniformly held that the situs of a nonphysical,

commercial injury is where the <u>critical events</u> associated with the dispute took place,  <u>American</u>

<u>Eutectic Welding Alloys Sales Co. v. Dytron Alloys Corp.</u>, 439 F.2d 428, 433 (2d Cir. 1971), namely

the location of the original event that caused the injury, and <u>not</u> the location where the resultant

damages are subsequently felt by the plaintiff.  <u>See</u> <u>Mareno v. Rowe</u>, 910 F.2d 1043, 1046 (2d Cir.

1990).

Since Siu & Sons is a Canadian corporation with its place of business in British

Columbia, Canada, the original event that allegedly caused the injury complained of took place in

Canada, not New York.  Indeed, even if the test were that the situs of the injury was where the

941039 v1

plaintiff allegedly felt the injury, that cannot be New York, either.  Even Plaintiff in this action is not

in New York; its place of business is Pennsylvania.  Therefore, any alleged injury could not have

occurred in New York either, and the threshold requirement for jurisdiction under C.P.L.R. § 302(a)(3)

is not satisfied.

        **b.**        **Siu & Sons Does Not Regularly Engage In Activities In New York**

      Defendant Siu & Sons' alleged activities do not satisfy the requirements of C.P.L.R. §

302(a)(3)(i).  Plaintiff has not alleged, nor can it establish, that Siu & Sons "regularly does or solicits

business, or engages in any other persistent course of conduct . . . in the state."  N.Y. C.P.L.R. 302

(2005) (emphasis added).  Plaintiff's bare allegation that "Defendant Siu & Sons has transacted

business in the State of New York by offering for sale and selling within this Judicial District by

interactive and internet sites and direct sales" accused products (Complaint at ¶3), and its manufactured

customer account through which Plaintiff's counsel purchased a mere $59.76 (Canadian dollars) worth

of some of the accused products is insufficient to establish that Siu & Sons does business, regular or

otherwise, or engages in any other persistent course of conduct in the State of New York.

      Siu & Sons' contacts with New York are sporadic at best, consisting of a single

shipment to Plaintiff's counsel and maintaining an Internet Web site through a third party, accessible

not only in New York, but anywhere in the world.  This conduct simply does not constitute a "persistent

course of conduct."  See DeSantis, 949 F. Supp. at 426.  Likewise, the Complaint fails to allege, and

there is no proof, that Siu & Sons "derives substantial revenue from goods used or consumed or services

rendered, in the state."  N.Y. C.P.L.R. 302(a)(i) (2005).  The only revenue derived by Siu & Sons from

goods used or consumed or services rendered in the State of New York was the $338.40 (Canadian

dollars) from the transaction orchestrated by Plaintiff's counsel for the purpose of manufacturing

jurisdiction in the instant action.  (See Siu Decl. ¶ 6.)  Of this $338.40 (Canadian dollars), a mere $59.76

941039 v1

(Canadian dollars) is attributable to the sale of accused products.  (Id.)  "[T]he total sale of little more than $300 worth of goods in one year does not satisfy the 'substantial revenue' basis for jurisdiction." See DeSantis, 949 F. Supp. at 426.[6]

### c.    Siu & Sons Could Not Reasonably Expect Its Acts To Have Consequences In New York

To establish jurisdiction under C.P.L.R. § 302(a)(3)(ii), Plaintiff must show the following: "(1) [Siu & Sons] committed a tort outside of New York, (2) causing injury to [Plaintiff] within the state, (3) that [Siu & Sons] expected its act to have consequences in New York, and (4) that it derive[s] substantial resources from interstate or international commerce."  Monsanto, 770 F.Supp. at 840.  In applying Section 302(a)(3)(ii) "[e]ach of the four elements is essential, and if the court finds that the party seeking to establish jurisdiction has failed to make an adequate showing on one element, it need not reach the other three."  Id. (emphasis added).  Because the plaintiff in Monsanto could not establish that its injury occurred in New York, the court held that there was no personal jurisdiction under §302(a)(3)(ii).  See id.

Defendant Siu & Sons has already demonstrated that Plaintiff's injury, if any at all, did not occur in New York for purposes of long-arm jurisdiction.  (See pp. 9-10, supra.)  Therefore, the Court need not look further because the second element of C.P.L.R. § 302(a)(3)(ii) simply cannot be met.  Even assuming (without conceding) that Plaintiff's allegations were sufficient to establish elements (1) (2) and (4) listed above, jurisdiction under this particular section would nonetheless be improper because the third element cannot be met.

Plaintiff cannot establish that Siu & Sons "expect[ed] or should reasonably [have] expect[ed] the act to have consequences in the state...."  N.Y. C.P.L.R. 302(a)(3)(ii) (2005).  "The test of whether the defendant knew or reasonably should have known that his acts would have consequences

---

[6] See Ex. B for Va. Code Ann. § 8.01-328.1 (A)(4) which tracks C.P.L.R. §302(a)(3)(i).

in the forum state is an objective rather than subjective one." <u>United Bank of Kuwait, PLC v. James M. Bridges, Ltd.</u>, 766 F. Supp. 113, 116 (S.D.N.Y. 1991).

The Complaint is silent on the issue. Presumably, Plaintiff will allege that by maintaining a site on the World Wide Web, Siu & Sons should have foreseen that a New York resident might access its Web site, which might then have some consequences to some unrelated and unidentified third party within New York. "[M]ere foreseeability of an in-state consequence and a failure to avert that consequence is not sufficient to establish personal jurisdiction." <u>Bensusan Restaurant Corp. v. King</u>, 937 F. Supp. 295, 300 (S.D.N.Y. 1996). "[A non-resident defendant's] maintenance of a Web site, although accessible to New York residences, is <u>not</u> sufficient to satisfy the foreseeability requirement under C.P.L.R. §302(a)(3)(ii)." <u>Stewart</u>, 56 U.S.P.Q.2d at 1846, <u>citing Bensusan</u>, 937 F. Supp. at 299 (emphasis added).

As demonstrated above, the operative facts and allegations, even when considered in a light most favorable to Plaintiff, fail to establish any basis for exercising personal jurisdiction over Siu & Sons under the New York long arm statute. Therefore, it is respectfully submitted that the Court should dismiss Plaintiff's Complaint for lack of personal jurisdiction over the Defendant.

### D.    Subjecting Siu & Sons To Personal Jurisdiction In New York Violates Due Process

Subjecting Siu & Sons to personal jurisdiction in New York violates the Due Process Clause of the Constitution. <u>See Stewart</u>, 56 U.S.P.Q.2d at 1846-47; <u>Bensusan</u>, 937 F. Supp. at 300-301. "Due process requires that a district court seeking to exercise personal jurisdiction over a nonresident defendant must conclude that the nonresident defendant has purposefully established 'minimum contact' with the forum state such that 'the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" <u>Darby v. Compagnie Nationale Air France</u>, 769 F. Supp. 1255, 1262 (S.D.N.Y. 1991) (<u>quoting Int'l Shoe Co. v. Washington</u>, 326 U.S. 310, 316

(1945)).  The relevant analysis involves a three-part test whereby the Court must determine: "(1) whether the defendant 'purposefully availed' himself of the benefits of the forum state; (2) whether the defendant's conduct and connection with the forum state are such that he should reasonably anticipate being haled into court there; (3) whether the defendant carries on a 'continuous and systematic' part of its general business within the forum state."  <u>Darby</u>, 769 F. Supp. at 1262-63.

Only contacts with the forum created by the defendant, rather than those manufactured by the plaintiff, are to be considered when determining whether the exercise of jurisdiction comports with due process.  <u>See</u> <u>Edberg v. Neogen Corp.</u>, 17 F. Supp. 2d 104 (D. Conn. 1998).  Under similar circumstances, the court in <u>Edberg</u> concluded that a sale initiated by plaintiff was not enough to satisfy the minimum contacts requirement of the Due Process Clause.  <u>See</u> <u>id.</u> Having found the requirements of Connecticut's long arm statute met, the Court in <u>Edberg</u> then considered whether the exercise of jurisdiction over the non-resident defendant would violate the Due Process Clause.  <u>See</u> <u>Edberg</u>, 17 F. Supp. 2d at 111-112.  In assessing the defendant's minimum contacts with the forum, the court noted that it was required to determine whether there had been <u>some act by the defendant by which it has purposefully availed itself of the privilege of conducting activities with the forum state</u>.  <u>See</u> <u>id.</u> at 112.  The plaintiff asserted that a $246.00 sale, orchestrated by the plaintiff who said that ordering the goods was necessary to investigate whether the products infringed, constituted minimum contacts sufficient to sustain personal jurisdiction.  <u>See</u> <u>id.</u> at 108, 112.  The court, however, found that the sale was insufficient to meet the minimum contacts requirement because it was the acts of the plaintiff that brought the infringing products into the forum, and <u>not the defendant's promotion, advertising or sales activity</u>.  <u>See</u> <u>id.</u> at 112.

The court concluded that under such circumstances, a defendant cannot be said to have purposefully availed himself of the forum.  <u>See</u> <u>id.</u>  Only those contacts with the forum that

13

were created by the defendant, rather than those manufactured by the unilateral acts of the plaintiff, should be considered for Due Process purposes. Id. "To hold otherwise would allow a plaintiff to manufacture jurisdiction over a non-resident defendant in any forum, no matter how inconvenient, even when the defendant has not purposefully directed any activity toward the forum state." Id.

Like the defendant in Edberg, Siu & Sons has made only one sale of only some of the accused products in New York, and that sale was orchestrated by Plaintiff's counsel. Also, like the defendant in Edberg, the total amount of that sale was insubstantial, amounting to only $338.40 (Canadian Dollars), of which only $59.76 (Canadian dollars) was attributable to the accused products. (Siu Decl. ¶ 6.) This contact is insufficient to confer personal jurisdiction because it was a single contact initiated by Plaintiff for purposes of this litigation and not by Defendant. See Edberg, 17 F. Supp. 2d at 111-112; see also Stewart, 56 U.S.P.Q.2d at 1845.

With that single sale, prompted by Plaintiff's manipulation, Siu & Sons did not purposefully avail itself of the benefits of a New York forum and could not have reasonably anticipated that it would be haled into court in New York. Further, Siu & Sons does not carry on a continuous and systematic part of its general business within New York. (See Siu Decl., generally.) As discussed, Siu & Sons is a western Canadian company that, but for the conduct of Plaintiff's counsel related to this litigation, has conducted all of its business outside New York. Based on its activities, Siu & Sons could not have reasonably anticipated being haled into court in New York. At best, Plaintiff has alleged that defendant has had only random and sporadic contacts with New York. "Random and sporadic contacts are not sufficient to satisfy the due process clause." Stewart, 56 U.S.P.Q.2d at 1846. Plaintiff simply has not alleged facts that would allow this Court to conclude that Siu & Sons has the minimum contacts with New York required by the Due Process Clause of the Constitution. It would offend the traditional notions of fair play and substantial justice to require

14

Siu & Sons to defend itself in New York as a result of Plaintiff's attempt to manufacture personal jurisdiction.

## IV.    CONCLUSION

Plaintiff has failed to establish that personal jurisdiction over Siu & Sons is proper under C.P.L.R. §301 or §302 or that the exercise of personal jurisdiction comports with the Due Process Clause. The only contact by Defendant with this state was manufactured by Plaintiff's counsel, and that is not enough to keep the action here. See Anderson, 2005 U.S. Dist. LEXIS 14404 at *7; DeSantis, 949 F. Supp. at 424. There is simply no reason why this case should be heard here. Defendant is not located here, nor has it done business in such a way as to confer jurisdiction over it here. Even Plaintiff is located outside the jurisdiction and has no legitimate basis for having the action resolved here. Just because it is convenient for Plaintiff's counsel, who is located here, to file in New York does not mean that this Court should retain this case. For this reason and the reasons set forth above, Plaintiff's Complaint alleged against Siu & Sons should be dismissed pursuant to FED. R. CIV. P. 12(b)(2).

Respectfully,

Dated:  September 2, 2005

s/ Janet Dore
Janet Dore (JD2992)
Gerard A. Haddad (GH2801)
Danielle V. Tully (DT1473)

Morgan & Finnegan, L.L.P.
3 World Financial Center
New York, NY  10281-2101
Telephone:  (212) 415-8700
Facsimile:   (212) 415-8701

Attorneys for Defendant
Siu & Sons International Trading Corp.

15

941039 v1

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNIQUE INDUSTRIES, INC.,            :

            Plaintiff,        :

                          :          05 Civ. 02744 (KMK)

      v.                   :      ECF Case – Electronically filed

                          :

SIU & SONS INT'L TRADING CORP.,     :

                          :

             Defendant.    :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**DECLARATION OF KELLY SIU IN SUPPORT OF SIU & SONS INT'L
TRADING CORP.'S MOTION TO DISMISS PURSUANT TO
RULE 12(b)(2), F.R.C.P.**

I, KELLY SIU, declare as follows:

1.     I make this declaration in support of defendant Siu & Sons International Trading Corp.'s ("Siu & Sons") proposed motion to dismiss pursuant to Rule 12(b)(2), F.R.C.P. for lack of personal jurisdiction.

2.     I am Vice President of Accounting at Siu & Sons.

3.     In my role as Vice President of Accounting, I am familiar with Siu & Sons' business records.

4.     Siu & Sons is a privately-owned Canadian corporation and has its principal place of business at #160-6391 Westminster Hwy, Richmond, British Columbia, Canada V7C 4V4. Siu & Sons imports party goods, paper goods, and other decoration products, some from China, and others from other parts of Asia and Canada, and resells them, on a wholesale level, to retail stores.  Siu & Sons does not sell directly to consumers.

928579 v1

5.    When, in response to being served with the complaint in this lawsuit, we searched

our financial records for evidence of sales of the accused products, we used the dates January 1,

1999 through December 31, 2069 as our search parameters, yet only sales in 2005 were

disclosed.  A copy of a sample page from that search with the confidential information redacted

is attached.  Those searches formed the basis of our original communications with Plaintiff's

counsel and with the Court.  The June 25 letter to the Court from Unique Industries' counsel led

us to conduct an investigation of our accounting system to determine why there was a

discrepancy between the facts asserted by Ms. Zahler and those known to us.  As a result of that

investigation, we have discovered that during our year-end closing for 2004, all data was purged

to backup files for system efficiency purposes.  Until this investigation, I was not aware this had

happened.  Because of the lack of pre-2005 data in our systems when we performed our original

searches, no New York customer data showed up in those searches.  We have since spent several

days restoring all data from prior to 2005 and have re-run all financial reports to include sales

from 2005 and prior.

6.    Most of Siu & Sons' customers are located in Canada.  We have only 39

customers in the United States, including Guam.  Of those, only 9 have bought the accused

products.  The only customer in New York State to whom we have sold any products is Penny T-

Shirt, who I now understand to be plaintiff's counsel's paralegal.  In June 2004, Penny T-Shirt

purchased only $ 338.40 (Canadian Dollars) in merchandise in a one-time sale.  Of that, only

$59.76 (Canadian dollars) were for products accused in this case, which is less than one-tenth of

one-percent of the total sales of the accused products.

928579 v1

7. Siu & Sons sold approximately $ 1,805 (Canadian dollars) of the accused products in the United States, and approximately $ 65,682 (Canadian dollars) of the accused products in Canada.

8. Sales of the accused products in the U.S. to customers other than Penny T-Shirt were in Georgia, Maine, Montana, South Carolina, Tennessee and Guam only.

9. Siu & Sons has never had any officers, employees or agents residing in New York State. Siu & Sons has never had any office, telephone, or telephone listing in New York State or the United States.

10. Siu & Sons is not registered or licensed to transact business in the State of New York. Siu & Sons has never obtained licenses, registrations, or any other entitlements or privileges from the State of New York.

11. Siu & Sons does not own or lease any plant, warehouse or real property of any nature anywhere in the State of New York.

12. Siu & Sons does not maintain, and has never maintained, any bank accounts in the State of New York. Siu & Sons has never borrowed or invested any money in the State of New York. All of Siu & Sons funds are held in Canada in Canadian dollars.

13. Siu & Sons has never commenced any legal action or proceeding or been named as a defendant in any action in the State of New York (except for the instant action).

14. Siu & Sons has not designated and has never designated anyone within the State of New York to accept legal service of process, and Siu & Sons did not consent to this Court's exercise of jurisdiction over it in this civil action.

- 3 -

928579 v1

15.   Siu & Sons has never attended, or otherwise had its products, including the accused products, displayed at any trade shows in the State of New York.

16.   Siu & Sons does not advertise any of its products, including the accused products, in any magazines, newspapers, trade journals or other publications or in the broadcast media anywhere, including New York State.

17.   Siu & Sons markets its products, including the accused products, through catalogs. Penny T-Shirt, which I understand is a name used by Plaintiff's counsel's paralegal to order goods for this lawsuit, is the only New York entity on our mailing list.

18.   Siu & Sons operates a website at www.siunsons.com. While some general information pages about the company are accessible to anyone who visits the site, the portion of the site that displays the goods offered for sale is only available to registered customers. To apply to be a registered customer, one must go to the New Account web page and fill out a form that requires a user to provide Siu & Sons with the legal name of the customer, the store's name, the customer's address, and the customer's IRS number. The customer is also asked to provide a user ID and a password for use in signing in to the web site in the future to view the Siu & Sons on-line catalog and to make purchases via the web site. There is no one from New York, other than our counsel in this case, and Penny T-Shirt, who has been provided with such access to the product portion of our website.

19.   Siu & Sons maintains a database of its customers. I examined the data of our customers and verified that Siu & Sons has only one "customer" in New York, namely Penny T Shirt, Plaintiff's counsel's paralegal.

- 4 -

928579 v1

20.    None of the accused products has ever been sold to or shipped to anyone or any company in New York except for Penny T-Shirt and our counsel in this lawsuit.

21.    Siu & Sons was never contacted by Plaintiffs before being served with the Summons and Complaint.

22.    Siu & Sons stopped selling all of the accused products in both the United States and Canada when we were served with the Summons and Complaint in this action at the end of March.

23.    Siu & Sons was served with the Summons and Complaint at its office in Richmond, British Columbia, Canada.  We do not know the identity or position of the person who served us.


    I declare under penalty of perjury under the laws of the United States of America that, to the best of my knowledge, the foregoing is true and correct.

Executed:  Aug. _31_, 2005                _____

                                          KELLY SIU

- 5 -

928579 v1

**Va. Code Ann. § 8.01-328.1 (2005)**

**§ 8.01-328.1. When personal jurisdiction over person may be exercised**

A. A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action arising from the person's:

1. Transacting any business in this Commonwealth;

2. Contracting to supply services or things in this Commonwealth;

3. Causing tortious injury by an act or omission in this Commonwealth;

4. Causing tortious injury in this Commonwealth by an act or omission outside this Commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this Commonwealth;

5. Causing injury in this Commonwealth to any person by breach of warranty expressly or impliedly made in the sale of goods outside this Commonwealth when he might reasonably have expected such person to use, consume, or be affected by the goods in this Commonwealth, provided that he also regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this Commonwealth;

6. Having an interest in, using, or possessing real property in this Commonwealth;

7. Contracting to insure any person, property, or risk located within this Commonwealth at the time of contracting;

8. Having (i) executed an agreement in this Commonwealth which obligates the person to pay spousal support or child support to a domiciliary of this Commonwealth, or to a person who has satisfied the residency requirements in suits for annulments or divorce for members of the armed forces pursuant to § 20-97 provided proof of service of process on a nonresident party is made by a law-enforcement officer or other person authorized to serve process in the jurisdiction where the nonresident party is located, (ii) been ordered to pay spousal support or child support pursuant to an order entered by any court of competent jurisdiction in this Commonwealth having in personam jurisdiction over such person, or (iii) shown by personal conduct in this Commonwealth, as alleged by affidavit, that the person conceived or fathered a child in this Commonwealth;

9. Having maintained within this Commonwealth a matrimonial domicile at the time of separation of the parties upon which grounds for divorce or separate maintenance is based, or at the time a cause of action arose for divorce or separate maintenance or at the time of commencement of such suit, if the other party to the matrimonial relationship resides herein; or

10. Having incurred a tangible personal property tax liability to any political subdivision of the Commonwealth.

Jurisdiction in subdivision 9 is valid only upon proof of service of process pursuant to § 8.01-296 on the nonresident party by a person authorized under the provisions of § 8.01-320. Jurisdiction under subdivision 8 (iii) of this subsection is valid only upon proof of personal service on a nonresident pursuant to § 8.01-320.

B. Using a computer or computer network located in the Commonwealth shall constitute an act in the Commonwealth. For purposes of this subsection, "use" and "computer network" shall have the same meanings as those contained in § 18.2-152.2.

C. When jurisdiction over a person is based solely upon this section, only a cause of action arising from acts enumerated in this section may be asserted against him; however, nothing contained in this chapter shall limit, restrict or otherwise affect the jurisdiction of any court of this Commonwealth over foreign corporations which are subject to service of process pursuant to the provisions of any other statute.

Gerard F. Dunne
Law Office of Gerard F. Dunne, P.C.
156 Fifth Avenue
Suite 1223
New York, NY 10010-2007
(212) 645-2410

Attorney for the Plaintiff

UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

UNIQUE INDUSTRIES, INC.,                          :
                                                  :
                                Plaintiff,        :     Civil Action No.:
                                                  :     05CV2744(KMK)
                    -against-                      :
                                                  :
                                                  :
SUI & SONS INT'L TRADING CORP.,                   :
                                                  :
                                Defendant.        :
-------------------------------------------------------X

<u>DECLARATION OF F. J. PENNY ZAHLER</u>

I, F. J. Penny Zahler, hereby declare the following to be true and correct to the best

of my knowledge and belief; and I make the statements below with the knowledge that any

false statements made willfully may subject me to criminal charges of perjury under the laws

of the United States.

1.      I am a paralegal in the Law Office of Gerard F. Dunne and I make the

following statements from my own personal knowledge and my review of papers in the file

of this matter that have been kept in the normal course of business in the Law Office of

Gerard F. Dunne.

2.      I make this declaration because statements contained in the June 20th letter to the Court that have been made by counsel for Siu & Sons Int'l Trading Corp. in this matter are incorrect.

3.      On April 20, 2004 from New York City I became a registered customer of Siu & Sons by filling out their form on the website. I have an account and a password and can access their website at any time.

4.      Siu & Sons has at least one customer in New York.

5.      I viewed the majority of the items involved in this litigation on their website in 2004. I did not, however, view the infringing piñatas on the website.

6.      I did order from New York City and did receive in New York City in 2004 infringing products from Siu & Sons.

7.      Although I did not receive a catalogue from Siu & Sons in 2004, I did receive a 2005 calendar from Siu & Sons at Christmas time. This type of calendar is a normal marketing gift typically sent to customers.

8.      Siu & Sons has at least one customer in New York, Siu & Sons has been marketing and selling its products in New York City through its website, and Siu & Sons has been selling infringing products in New York and shipping such products into New York at least as early 2004.

Dated: June 24, 2005

_____
F. J. Penny/Zabler