Gerard F. Dunne
Law Office of Gerard F. Dunne, P.C.
156 Fifth Avenue
Suite 1223
New York, NY 10010-2007
(212) 645-2410

Attorney for the Plaintiff

UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X          ECF CASE

UNIQUE INDUSTRIES, INC.,                          :
                                                  :
                          Plaintiff,              :          Civil Action No.:
                                                  :          05 CV 2744 (KMK)
            -against-                             :
                                                  :
                                                  :
SIU & SONS INT'L TRADING CORP.,                   :
                                                  :
                          Defendant.              :
----------------------------------------------------------X

## MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS
## FOR LACK OF PERSONAL JURISDICTION

        Defendant protests that *in personam* jurisdiction does not exist as a result of a single

sale of accused products in New York that has been orchestrated by Plaintiff's paralegal.

However, it is well settled under New York law that a single sale of the accused products into

New York confers jurisdiction under C.P.L.R § 301(a0 (1) and (2).  It is requested the motion

to dismiss be denied and this matter proceed forward.

1

Discussion

The Plaintiff Unique Industries ("Unique") bears the ultimate burden of establishing jurisdiction over a defendant. *Koehler v. Bank of Bermuda Limited,* 101 F.3d 863, 865 (2d Cir.1996); *Metropolitan Life Ins. Co. v. Robertson Ceco-Corp.,* 84 F.3d 560, 566 (2d Cir.1996). Prior to discovery, however, a plaintiff need only make a prima facie showing of jurisdiction to defeat a challenge to jurisdiction. *Metropolitan Life Ins. Co.,* 84 F.3d at 566 (citing *Ball v. Metallurgie Hoboken-Overpelt, S.A.,* 902 F.2d 194, 197 (2d Cir.), *cert. denied,* 498 U.S. 854, 111 S.Ct. 150, 112 L.Ed.2d 116 (1990)); *Hubbell Inc. v. Pass & Seymour, Inc.,* 883 F.Supp. 955, 961 (S.D.N.Y.1995). Further, the complaint and affidavits of the plaintiff are to be construed, and any doubts to be resolved, in the light most favorable to plaintiff. *Editorial Musical Latino Americana, S.A. v. Mar International Records, Inc.,* 829 F.Supp. 62, 64 (S.D.N.Y.1993); *see also Sheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974).

Jurisdiction over a nondomiciliary in a federal question action is determined according to the law of the state where the court sits, "with 'federal law' entering the picture only for the purpose of deciding whether a state's assertion of jurisdiction contravenes a constitutional guarantee." *Metropolitan Life Ins. Co.,* 84 F.3d at 567 (quoting *Arrowsmith v. United Press Int'l,* 320 F.2d 219, 223 (2d Cir.1963)); see Agency Rent A Car System v. Grand Rent A Car Corp., 98 F.3d 25, 29 (2d Cir.1996) (citing *CutCo Indus., Inc. v. Naughton,* 806 F.2d 361, 365 (2d Cir.1986)).

2

The New York long-arm statute provides in relevant part as follows:

... a court may exercise personal jurisdiction over any non-domiciliary, or his executor or administrator, who in person or through an agent:

1. transacts any business within the state or contracts anywhere to supply goods or services in the state;  or

2. commits a tortious act within the state; or

3. commits a tortious act without the state causing injury to person or property within the state, ... if he (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce ....

C.P.L.R. § 302 (McKinney's 1996).

Jurisdiction is based on either § 302(a)(1) because defendant Siu & Sons Int'l Trading Corp. ("Siu & Sons") has contracted to supply infringing goods within New York, or, alternatively, on § 302(a)(2) because Siu & Sons has committed a tortious act within the state by the sale here of infringing goods.

Sui & Sons admits it sold within New York City goods asserted to infringe the copyrights of Unique in this action.  Under § 302(a)(1) and (2), even a single sale is sufficient to allege a contract to supply goods or services within the state.

3

For §302(a)(1), the party need not be physically present in the state at the time of service. *See Parke-Bernet Galleries v. Franklyn,* 26 N.Y.2d 13, 16, 308 N.Y.S.2d 337, 256 N.E.2d 506 (1970). Rather, § 302(a)(1) extends the jurisdiction of New York courts to any nonresident who has "purposely availed [himself] of the privilege of conducting activities within New York and thereby invoked the benefits and protections of its laws....' *Id.* at 18, 308 N.Y.S.2d 337, 256 N.E.2d 506. "[A] 'single transaction would be sufficient to fulfill this requirement,'" *id.* at 284, so long as the relevant cause of action also arises from that transaction. *See George Reiner & Co. v. Schwartz,* 41 N.Y.2d 648, 651, 394 N.Y.S.2d 844, 363 N.E.2d 551 (1977).

"A single transaction of business is sufficient to give rise to jurisdiction under CPLR § 302(a)(1), even where the defendant never enters the state, *if the claim arises out of the transaction." Citigroup Inc. v. City Holding Co.,* 97 F.Supp.2d 549, 564 (S.D.N.Y.2000) (emphasis added) *See Kreutter v. McFadden Oil Corp.,* 71 N.Y.2d 460, 527 N.Y.S.2d 195, 522 N.E.2d 40, 43 (1988); *see also Parke-Bernet Galleries, Inc. v. Franklyn,* 26 N.Y.2d 13, 308 N.Y.S.2d 337, 256 N.E.2d 506 (1970).   Offering one copy of an infringing work for sale in New York, even if there is no actual sale, constitutes commission of a tortious act within the state sufficient to imbue this Court with personal jurisdiction over the infringers. *See Business Trends v. Freedonia,* 650 F.Supp. 1452 at 1455-56 (S.D.N.Y. 1987) (shipment of one copy into New York;  actual sale not necessary);  *Metropa Co. v. Choi,* 458 F.Supp. 1052, 1054 (S.D.N.Y.1978) (trademark infringement;  only New York contact of California

4

defendant was mail order shipment of two wigs);  *Honda Assocs., Inc. v. Nozawa Trading, Inc.,* 374 F.Supp. 886, 888-89 (S.D.N.Y.1974) (trademark infringement, actual sale not necessary;  only New York contact of California defendant was mail order shipment of 3 karate uniforms valued at $37).  *Kreutter v. McFadden Oil Corp.,* 71 N.Y.2d 460, 467, 527 N.Y.S.2d 195, 198-99, 522 N.E.2d 40, 42-44 (1988).

The facts here establish *prima facie* jurisdiction.

Sui & Sons relies upon two New York cases.  In *Stewart v. Vista*, 56 U.S.P.Q.2d 1842 (S.D.N.Y (2000) the infringing travel guide was shipped into New York not by the defendant but by an independent online buying service.  Here, Sui & Sons itself shipped the infringing goods to Penny T Shirt.

In *Mattel, Inc. V. Anderson*, No. O4 Civ 5275 2005 U.S. Dist. LEXIS 14404 (S.D.N.Y. 2005) the asserted trademark infringement was of the web address barbiesshop.com, and the goods ordered from the website and shipped into New York were presumable genuine Barbie products.   Judge Casey determined "Mattel's claims in this action concern Defendant's alleged infringement of the Barbie trademark. Mattel's claims do not relate to a breach of contract between Falsone (Mattel investigator) and Defendant. Falsone's purchase has nothing to do with Plaintiff's action for infringement since he cannot claim to have been confused as to with whom he was dealing."

No trademark infringement occurred in New York because the investigator was accessing a website with an infringing address but knew the address was not Mattel and thus

not confused.

No tort thus occurred in New York

Here, Sui & Sons directly shipped products into New York infringing the Unique copyrights, and thus committed the very tort in New York upon which this action is based.

Judge Casey noted several cases including *Mattel, Inc. v. Adventure Apparel*, 2001 WL 286728 (S.D.N.Y), provided previously to the Court where sales orchestrated by the plaintiff sufficed to confer jurisdiction.

Request for discovery

As noted in the declaration of F.J. Penny Zahler submitted herewith, Unique believes Sui & Sons has not been fully candid in its submissions to the Court, and if the court should determine that jurisdiction has not been established, it is requested Unique be given a limited opportunity to take discovery concerning the jurisdictional facts.

Dated: New York, New York
     September 23, 2005

Respectfully submitted,

S/Gerard F. Dunne
Gerard F. Dunne (GD 3323)
Law Office of Gerard F. Dunne, P.C.
156 Fifth Avenue, Suite 1223
New York, NY 10010-2007
Tel: 212-645-2410
Fax: 212-645-2435

Attorney for Plaintiff Unique Industries, Inc.

6

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify under the penalty of perjury that the foregoing

MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS FOR LACK OF

PERSONAL JURISDICTION and accompanying declaration of F.J. Penny Zahler have been

served this day by first class mail upon the attorney for Defendant Siu & Sons Int'l Trading

Corp. in an envelope postage prepaid addressed to:

> Gerard A. Haddad
> Morgan & Finnegan
> 3 World Financial Center
> New York, New York 10281-2101

September 23, 2005                                    <u>S/ Gerard F. Dunne</u>
                                                              Gerard F. Dunne

7

Gerard F. Dunne
Law Office of Gerard F. Dunne, P.C.
156 Fifth Avenue
Suite 1223
New York, NY 10010-2007
(212) 645-2410

Attorney for the Plaintiff

UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------X     ECF CASE

UNIQUE INDUSTRIES, INC.,                          :
                                                  :
                         Plaintiff,               :     Civil Action No.:
                                                  :     05 CV 2744 (KMK)
              -against-                            :
                                                  :
                                                  :
SIU & SONS INT'L TRADING CORP.,                   :
                                                  :
                         Defendant.               :
----------------------------------------------------------X

## DECLARATION OF F. J. PENNY ZAHLER

I, F. J. Penny Zahler, hereby declare the following to be true and correct to the best

of my knowledge and belief; and I make the statements below with the knowledge that any

false statements made willfully may subject me to criminal charges of perjury under the laws

of the United States.

1. I am a paralegal in the Law Office of Gerard F. Dunne and I make the following

statements from my own personal knowledge and my review of papers in the file of this

matter that have been kept in the normal course of business in the Law Office of Gerard F.

1

Dunne.

2.      I make this declaration because statements contained in the declaration of Kelly Siu in support of the motion to dismiss pursuant to Rule 12(b)(2) appear to be incorrect.

3.  By a letter dated June 20th sent to the Court, counsel for Siu & Sons Int'l Trading Corp. in this matter asserted that Siu & Sons did not have customers in New York State and no one in New York State other than its counsel had access to the Siu & Sons website.

4.  When confronted with my declaration that on April 20, 2004 from New York City I became a registered customer of Siu & Sons on their website, that I had an account and a password and can access their website at any time, and did order from New York City and did receive in New York City in 2004 infringing products from Siu & Sons, Siu & Sons then explained that they had purged their computer records prior to 2005 and thus were unaware of my access to the website and purchase of infringing goods.

5.  However, on June 22, 2005 I accessed my account records from the Siu & Sons website and printed out the Purchase Order of Penny T Shirt (my company) and attached as Exhibit A is a true and correct copy of the first page I printed from the website of Siu & Sons on June 22, 2005.  Note the date of 6/22/2005 appears on the purchase order page I printed, see the lower right of the page.

6.  I accessed computer records of Siu & Sons on June 22, 2005, and these records included my purchase of infringing goods shipped into New York.  Statements made by Mr. Kelly Siu that "all data" relating to 2004 sales had been purged from the computer records

2

of Siu & Sons are not correct.

7.  Although I did not receive a catalogue from Siu & Sons in 2004, I did receive in New York City a 2005 calendar from Siu & Sons at Christmas time.  This type of calendar is a normal marketing gift typically sent to customers.

8.  Siu & Sons has at least one customer in New York, Siu & Sons has been marketing and selling its products in New York City through its website,  and Siu & Sons has been selling infringing products in New York and shipping such products into New York at least as early 2004.  And the computer records of Siu & Sons accessed by me on June 22, 2005 reflected these facts.

9.  Further, I wish to note to the Court that Siu & Sons appears to have knowingly copied and targeted the products of Unique Industries.  Attached hereto as Exhibit B is a true and correct black and white copy of page 30 from the 2005 catalog of Siu & Sons showing item 31014, the Totem and Treasure Chest Piñatas involved in this matter.

10.  Attached hereto as Exhibit C is a true and correct black and white copy of page 249 from the 2004 catalog of plaintiff Unique Industries the copyrighted Treasure Chest Piñata and Tiki Piñata..

11.  I was an art major in college and have been involved in copyright cases for over 14 years, and can state unequivocally that the photograph of the Totem and Treasure Chest Piñatas in the 2005 Siu & Sons catalog is the same photograph of the copyrighted Treasure Chest Piñata and Tiki Piñata of Unique Industries used in their catalogs.

3

12. In my opinion, Siu & Sons has most certainly deliberately targeted products of Unique Industries for copying, and has gone so far as to use photographs of Unique Industries of the copyrighted Unique products for the Siu & Sons catalog.

13. I am personally aware that Unique Industries has a large market presence in New York for its products. I have seen the products of Unique Industries in many retail establishments, and know the products of Unique Industries are sold in such establishments as Toys R Us, Wal-Mart, Target, Party City in New York as well as many smaller retailers in New York.

Dated: September 23, 2005                    s/ F.J. Penny Zahler
                                             F. J. Penny Zahler

# SIU & SONS INT'L TRADING CORPORATION



#160 - 6391 Westminster Hwy., Richmond, BC, Canada, V7C 4V4

**Ship to:**
Penny T Shirt
318 E 89th St
New York, NY
USA
10128

# PURCHASE ORDER

June 2nd, 2004
Order #: 166

| Id | Item # | Description | Unit Price | Qty | Amount |
|----|--------|-------------|-----------|-----|--------|
| 2844 | 77014G2 | Gift Bag - Printed, Wine, 6 Assorted Design (4"x22"x3.5") | $0.30 | 72 | $21.60 |
| 4389 | 62876 | *SPECIAL* Set Dinnerware - Plate, Printed 9", Girlie Hearts (6/pk) | $0.75 | 24 | $18.00 |
| 4387 | 62875 | *SPECIAL* Set Dinnerware - Plate, Printed 7", Girlie Hearts (8/pk) | $0.75 | 24 | $18.00 |
| 2702 | 62026 | *SPECIAL* Set Dinnerware - Plate, Printed 9", Gingham Picnic (6/pk) | $0.75 | 24 | $18.00 |
| 2611 | 52653 | Wedding Bubbles, 0.5oz | $0.20 | 24 | $4.80 |
| 2660 | 52641 | Party Toys - Cowboys & Indians | $0.65 | 24 | $15.60 |
| 772 | 52628 | Party Toys - Disguise Set (4/pk) | $0.65 | 24 | $15.60 |
| 766 | 52627 | Party Toys - Kazoos (4/pk) | $0.65 | 24 | $15.60 |
| 624 | 52621 | Party Toys - Dinosaur (5/pk) | $0.65 | 24 | $15.60 |
| 622 | 52619 | Party Toys - Prism Scope (6/pk) | $0.65 | 24 | $15.60 |
| 2899 | 50932 | Cutlery, Plastic knives, Red (24/pk) | $0.75 | 24 | $18.00 |
| 689 | 50931 | Cutlery, Plastic Fork, Red (24/pk) | $0.75 | 24 | $18.00 |
| 688 | 50930 | Cutlery, Plastic Spoon, Red (24/pk) | $0.75 | 24 | $18.00 |
| 4509 | 49101 | Balloon Weight, Iridescent White | $0.90 | 24 | $21.60 |
| 4599 | 47103 | *SPECIAL* Silver-Pl SML Gift Boxes, 3 Asstd | $0.65 | 24 | $15.60 |
| 2631 | 41026 | Balloon - 2 Sides Printed, Surprise (14", 10/pk) | $0.75 | 24 | $18.00 |
| 2630 | 41025 | Balloon - 2 Sides Printed, Get Well Soon (14", 10/pk) | $0.75 | 24 | $18.00 |
| 2590 | 41022 | Balloon - 2 Sides Printed, Over the Hill (14", 10/pk) | $0.75 | 24 | $18.00 |
| 2589 | 41020 | Balloon - 2 Sides Printed, Happy Birthday, Assorted Color (14", 10/pk) | $0.75 | 24 | $18.00 |
| 2609 | 30003 | Balloon Pump | $1.25 | 24 | $30.00 |

**Subtotal: =** $351.60
**7% GST: +** $24.61
**Total (in CAD) =** $376.21

**PAYMENT/SHIPPING TERMS AND CONDITONS**

*Exhibit A*

# Piñatas



**31013**
Sun
& Star

**31014**
Totem
& Treasure
chest

**31015**
Happy
B'day Sparke
& Balloon Party

**30005**
Wooden
Stick, Asstd
Colors

Exhibit B

# STANDARD PIÑATAS



**66011**
**MERMAID** PIÑATA
16½" H x 15¾" W



**66107**
**TIKI** PIÑATA
18" H x 9" W



**6661**
**DOLPHIN** PIÑATA
15" H x 22" W



**6642**
**LUAU** PIÑATA ASSORTMENT
2 EA. FISH, HULA DANCER (6698), PALM TREE



**6698**
**HULA DANCER** PIÑATA
22" H x 9½" W



**6692**
**PIRATE** PIÑATA
23" H x 9½" W



**66106**



**6668**
**DRAGON** PIÑATA



**6763**
**TREASURE CHEST** PIÑATA