Janet Dore (JD2992)
Gerard A. Haddad (GH2801)
Danielle V. Tully (DT1473)
MORGAN & FINNEGAN, L.L. P.
3 World Financial Center
New York, New York 10281-2101
(212) 415-8700
(212) 415-8701 (Fax)
Attorneys for Defendant

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNIQUE INDUSTRIES, INC., <br><br> Plaintiff, <br><br> -against- <br><br> SIU & SONS INT'L TRADING CORP. <br><br> Defendant. | 05 Civ. 02744 (KMK) <br><br> ECF Case – Electronically Filed |

**DEFENDANT SIU & SONS INT'L TRADING CORP.'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION PURSUANT TO FED. R. CIV. P. 12(b)(2)**

946625 v1

Table of Contents

|    |    | Page |
|----|----|------|
| I. | PLAINTIFF HAS FAILED TO MAKE A PRIMA FACIE SHOWING THAT JURISDICTION EXISTS ................................................................................... | 1 |
| II. | THERE IS NO SUPPORT FOR PLAINTIFF'S CLAIM THAT JURISDICTION EXISTS UNDER C.P.L.R. §302(a)(1) OR §302(a)(2) ......................... | 2 |
|    | A. There Is No Jurisdiction Under C.P.L.R. §302(a)(1) ............................................ | 2 |
|    | B. There Is No Jurisdiction Under C.P.L.R. §302(a)(2) ............................................ | 4 |
| III. | PLAINTIFF HAS FAILED TO DEMONSTRATE THAT THE EXERCISE OF JURISDICTION COMPORTS WITH THE DUE PROCESS CLAUSE ............................................................................................................ | 5 |
| IV. | PLAINTIFF'S REQUEST FOR DISCOVERY SHOULD BE DENIED ......................... | 6 |
| V. | THE DECLARATION OF F.J. PENNY ZAHLER IS IRRELEVANT ............................ | 7 |
|    | A. Paragraphs 2-8 Are Irrelevant With Respect To The Accuracy Of Kelly Siu's Declaration ...................................................................................... | 7 |
|    | B. Paragraphs 9-12 Are Irrelevant With Respect To The Issue Of Jurisdiction .................................................................................................. | 7 |
|    | C. Paragraph 13 Is Irrelevant With Respect To The Issue Of Jurisdiction .................................................................................................. | 8 |
| VI. | CONCLUSION ................................................................................................................ | 8 |

946625 v1

Table of Authorities

Page

Cases

Ball v. Metallurgie Hoboken-Overpelt, S.A.,
 902 F.2d 194 (2d Cir. 1990), cert. denied,
 498 U.S. 854 (1990) ..................................................................................................1
Business Trends Analysts v. Freedonia Group, Inc.,
 650 F. Supp. 1452 (S.D.N.Y. 1987)........................................................................2, 5
Citigroup Inc. v. City Holding Co.,
 97 F. Supp. 2d 549 (S.D.N.Y. 2000).......................................................................2, 5
Darby v. Compagnie Nationale Air France,
 769 F. Supp. 1255 (S.D.N.Y. 1991).............................................................................6
Edberg v. Neogen Corp.,
 17 F. Supp. 2d 104 (D. Conn. 1998);...........................................................................6
Falik v. Smith,
 884 F. Supp 862 (S.D.N.Y. 1995)................................................................................1
George Reiner & Co., Inc. v. Schwartz,
 363 N.E.2d 551 (N.Y. 1977).........................................................................................2
Honda Assocs., Inc. v. Nozawa Trading, Inc.,
 374 F. Supp. 886 (S.D.N.Y. 1974)...............................................................................5
Kreuter v. McFadden Oil Corp.,
 522 N.E.2d 40 (N.Y. 1988)...........................................................................................2
Mattel, Inc. v. Adventure Apparel,
 No. 00 Civ. 4085, 2001 WL 286728 (S.D.N.Y. Mar. 22, 2001) ................................3
Mattel, Inc. v. Anderson,
 No. 04 Civ. 5275, 2005 U.S. Dist. LEXIS 14404 (S.D.N.Y. Jul. 18, 2005) ..........3, 8
Metropa Co. v. Choi,
 458 F. Supp. 1052 (S.D.N.Y. 1978).............................................................................5
Parke-Bernet Galleries v. Franklyn,
 256 N.E.2d 506 (N.Y. 1970)........................................................................................2
Reiss v. Steigrod,
 866 F. Supp. 747 (S.D.N.Y. 1994)...............................................................................4
Stewart v. Vista,
 56 U.S.P.Q.2d 1842 (S.D.N.Y. 2000) ................................................................1, 4, 6

State Statutes

C.P.L.R. §302(a)(1)..............................................................................................passim
C.P.L.R. §302(a)(2)..............................................................................................passim

I.  **PLAINTIFF HAS FAILED TO MAKE A PRIMA FACIE SHOWING THAT JURISDICTION EXISTS**

Plaintiff has failed to make a *prima facie* showing that jurisdiction exists over Defendant Siu & Sons under C.P.L.R. §302(a)(1) or §302(a)(2)[1]. See Ball v. Metallurgie Hoboken-Overpelt, S.A., 902 F.2d 194, 196-197 (2d Cir. 1990), cert. denied, 498 U.S. 854 (1990). All that Plaintiff has put forth is an unsupported allegation that personal jurisdiction exists based upon a single sale in New York that its counsel orchestrated for the sole purpose of manufacturing jurisdiction in this case. Plaintiff cannot point to a single instance of any transaction of business that occurred in New York that its counsel did not orchestrate such as to warrant a finding of jurisdiction under §302(a)(1). Similarly, Plaintiff cannot allege any facts demonstrating Siu's presence in New York during the commission of any tortious act such as to warrant a finding of jurisdiction under C.P.L.R. §302(a)(2).

Unlike Plaintiff, Siu & Sons has submitted evidentiary material affirmatively disproving that Siu & Sons has had any dealings with New York residents apart from the single sale orchestrated by Plaintiff's counsel. See Stewart v. Vista, 56 U.S.P.Q.2d 1842, 1845 (S.D.N.Y. 2000) (This Court found it did not have jurisdiction over a foreign defendant who submitted evidentiary material affirmatively disproving plaintiff's unfounded allegation that defendant had dealings with New York residents.) Because Plaintiff has not pointed to any legally sufficient factual support for jurisdiction, Defendant's Motion to Dismiss must be granted. See Ball, 902 F.2d at 197; Falik v. Smith, 884 F. Supp 862, 865 (S.D.N.Y. 1995).

---

[1] On page one of its Memorandum, Plaintiff claims that jurisdiction is proper over Siu & Sons under §301(a)(1) and (2). As these sections do not exist in the C.P.L.R., we assume that this was a typo and that Plaintiff is claiming that jurisdiction exists under C.P.L.R. §302(a)(1) and (a)(2).

## II. THERE IS NO SUPPORT FOR PLAINTIFF'S CLAIM THAT JURISDICTION EXISTS UNDER C.P.L.R. §302(a)(1) OR §302(a)(2)

### A. There Is No Jurisdiction Under C.P.L.R. §302(a)(1)

While Plaintiff maintains that jurisdiction is proper in New York under C.P.L.R. §302(a)(1), it has not been able to point to a single significant business transaction in New York that its counsel did not orchestrate. Rather, Plaintiff persists in relying upon cases which are completely irrelevant to the issue of whether a single sale orchestrated by plaintiff's counsel can actually confer jurisdiction over a foreign defendant who, apart from this single transaction, simply does not transact any business in New York.

For instance, Plaintiff relies on Citigroup Inc. v. City Holding Co., 97 F. Supp. 2d 549 (S.D.N.Y. 2000), for its position that the single sale its counsel orchestrated is sufficient to give rise to jurisdiction under C.P.L.R. §302(a)(1). In Citigroup, the Court found that jurisdiction was proper because, in addition to maintaining web sites accused of infringing plaintiff's trademark, one of the foreign defendants had itself initiated contact with New York, including "engag[ing] in direct mail solicitation of New York business…[and] us[ing] New York companies to record mortgages … to perfect the liens on real property based in New York which secure the loan contracts." 97 F. Supp. 2d at 566. The Court in Citigroup, as well as the courts in the other cases[2] improperly relied on by Plaintiff, determined that jurisdiction was proper based on contacts with New York initiated by the foreign defendant, not those concocted by the plaintiff's counsel. Unlike these defendants, Siu & Sons did not initiate any transaction with anyone in New York. Instead, its only contact with the State was orchestrated by Plaintiff's counsel for the

---

[2] Cases cited by Plaintiff include: Kreuter v. McFadden Oil Corp., 522 N.E.2d 40 (N.Y. 1988); George Reiner & Co., Inc. v. Schwartz, 363 N.E.2d 551 (N.Y. 1977); Parke-Bernet Galleries v. Franklyn, 256 N.E.2d 506 (N.Y. 1970); Business Trends Analysts v. Freedonia Group, Inc., 650 F. Supp. 1452 (S.D.N.Y. 1987).

sole purpose of manufacturing jurisdiction. This staged contact distinguishes this case from those cited by Plaintiff.

Plaintiff also relies on Mattel, Inc. v. Adventure Apparel, No. 00 Civ. 4085, 2001 WL 286728 (S.D.N.Y. Mar. 22, 2001), for its position that its counsel's attempt to manufacture jurisdiction should, in fact, subject Siu & Sons to jurisdiction in New York under C.P.L.R. § 302(a)(1). This case, however, is distinguishable from the instant action. First, Adventure Apparel is a trademark infringement case in which the defendant's domain names, namely "barbiesbeachwear.com" and "barbiesclothing.com," through which defendant advertised its products, were accused of infringing plaintiff's registered trademarks. 2001 WL 286728 at *1. There, it was the domain name itself which infringed plaintiff's trademark and which was the source of the tortious conduct; the mere act of typing in the domain name caused plaintiff's trademark to be infringed. See id. at *1-*3. Such is not the case here.

Second, in Mattel, Inc. v. Anderson, No. 04 Civ. 5275, 2005 U.S. Dist. LEXIS 14404, *5 (S.D.N.Y. Jul. 18, 2005), this Court declined to follow Mattel, Inc. v. Adventure Apparel. Plaintiff's attempt to distinguish Anderson fails to address the fact that this Court found it did not have jurisdiction over a foreign defendant who had no contacts with New York other than those orchestrated by someone associated with the plaintiff, the very issue in this case. See Anderson, 2005 U.S. Dist. Lexis 14404 at *7 (citation omitted) (holding that defendant's single sale to plaintiff's investigator in New York did not confer personal jurisdiction under §302(a)(1) because it was "nothing more than an attempt by plaintiff to manufacture a contact with this forum . . . . Defendant cannot be said to have purposefully availed [itself] of the protections of this forum when it was an act of someone associated with plaintiff, rather than [its] web site advertising, that brought [its] products into this forum.")

- 3 -

946625 v1

Similarly, Plaintiff's attempt to distinguish Stewart v. Vista, 56 U.S.P.Q.2d 1842 (S.D.N.Y. 2000), is irrelevant. Plaintiff does not dispute that in Stewart, this Court found that: (1) a plaintiff's ordering an accused product in New York is a contact initiated by the plaintiff, not the defendant; and (2) unilateral acts of the plaintiff cannot translate into the defendant deliberately availing itself of the forum. Stewart, 56 U.S.P.Q.2d at 1845. While the plaintiff in Stewart did receive one copy of the accused product from a third party, the plaintiff also alleged that the foreign defendant "has accepted my direct offer for [the accused product] and has indicated that it will be shipped to me directly." Id. Each of these contacts was insufficient to confer jurisdiction, but it was the latter contact which this Court found to be a unilateral act by the plaintiff that cannot translate into the defendant deliberately availing itself of the forum. See id.

Because the only support for Plaintiff's allegation that there is jurisdiction in New York is a single transaction orchestrated by Plaintiff's counsel for the sole purpose of manufacturing jurisdiction in this case, it cannot be held Siu & Sons transacts business in New York such as is required for jurisdiction under §302(a)(1).

**B.    There Is No Jurisdiction Under C.P.L.R. §302(a)(2)**

Although Plaintiff claims that jurisdiction is appropriate under C.P.L.R. §302(a)(2), it has not alleged any facts demonstrating Siu's presence in New York during the commission of any act, let alone a tortious one. As stated in Defendant's 9/2/05 Memorandum of Law in Support of its Motion to Dismiss, the exercise of jurisdiction under C.P.L.R. § 302(a)(2) is strictly construed, requiring that the tortious act be committed while the foreign defendant is physically present in New York. See Reiss v. Steigrod, 866 F. Supp. 747, 750 (S.D.N.Y. 1994). Plaintiff has not disputed this nor has it alleged any facts demonstrating Siu & Sons' presence in New

- 4 -

York during the commission of any tortious act. To the contrary, Siu & Sons has established that it has no physical presence in New York and that it does not conduct business in New York. (See 8/31/05 Siu Decl., generally.)

Plaintiff, instead, relies on cases that are completely irrelevant to the facts of this case. For instance, Plaintiff relies on Business Trends Analysts v. Freedonia Group, Inc., 650 F. Supp. 1452 (S.D.N.Y. 1987), for the position that a foreign defendant's offer of a single copy of an accused product in New York can confer jurisdiction over that foreign defendant under §302(a)(2), even when there is no sale. In Freedonia, the Court found it had jurisdiction over a foreign defendant who: (1) sold an accused product to a New York resident, who was not plaintiff or its counsel; (2) engaged in the solicitation of sales in New York; and (3) had an independent contractor in New York City who accepted and placed orders for defendant's studies in return for a commission. See 650 F. Supp. at 1455-1456. Unlike the foreign defendant in Freedonia, Siu & Sons has not engaged in any tortious act while present in New York. See id. Neither Freedonia nor any other case[3] cited by Plaintiff deals with the issue at hand, namely whether the single sale orchestrated by Plaintiff's counsel for the sole purpose of manufacturing jurisdiction in New York can, in fact, subject Siu & Sons to jurisdiction under §302(a)(2). Thus, §302(a)(2) affords no basis on which the Court could legitimately exercise jurisdiction over Defendant.

### III. PLAINTIFF HAS FAILED TO DEMONSTRATE THAT THE EXERCISE OF JURISDICTION COMPORTS WITH THE DUE PROCESS CLAUSE

Plaintiff has failed to address whether the exercise of jurisdiction over Siu & Sons would comport with the Due Process Clause of the Constitution. This is because Siu & Sons simply

---

[3] Cases cited by Plaintiff include: Citigroup Inc. v. City Holding Co., 97 F. Supp. 2d 549 (S.D.N.Y. 2000); Metropa Co. v. Choi, 458 F. Supp. 1052 (S.D.N.Y. 1978); Honda Assocs., Inc. v. Nozawa Trading, Inc., 374 F. Supp. 886 (S.D.N.Y. 1974).

946625 v1

does not have the "minimum contact[s] with the forum state such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." <u>Darby v. Compagnie Nationale Air France</u>, 769 F. Supp. 1255, 1262 (S.D.N.Y. 1991) (citation omitted). Siu & Sons has made only one sale of only some of the accused products in New York, and that sale was orchestrated by Plaintiff's counsel. This contact is insufficient to confer personal jurisdiction because it was a single contact initiated by Plaintiff's counsel for the purpose of this litigation and not by Defendant. <u>See</u> <u>Edberg v. Neogen Corp.</u>, 17 F. Supp. 2d 104, 111-112 (D. Conn. 1998) ; <u>see also</u> <u>Stewart</u>, 56 U.S.P.Q.2d at 1845.

## IV. PLAINTIFF'S REQUEST FOR DISCOVERY SHOULD BE DENIED

Plaintiff asks this Court for the opportunity to conduct discovery with respect to jurisdictional facts. We ask that the Court deny this request as it would amount to an overwhelming waste of resources. In the course of trying to reach a settlement, Siu & Sons has provided Plaintiff with over 85 pages of Defendant's detailed financial records and shipping records for each and every accused product. Although no formal document requests were propounded and no formal protective order was entered, Siu & Sons nevertheless agreed to provide these documents in the hope of reaching an early settlement of this action. These documents contain information including: (1) the name of each customer to whom each of the accused products were sold in each sale; (2) the number of each of the accused products sold to each customer in each individual sale; (3) the Canadian dollar amount of each sale of each of the accused products to each customer; (4) the total Canadian dollar amount of each of the accused products sold; (5) the dates on which each of the accused products was sold to each customer; (6) the number of each of the accused products shipped to and received by Siu & Sons; (7) the dates

of each of these shipments; (8) the names and addresses of each shipper; and (9) the names and addresses of each customs broker used for each shipment.

Plaintiff has ignored these documents just as it has ignored Siu's settlement offer. Plaintiff should not be given the opportunity to further harass Siu & Sons when it already has the relevant documents. Accordingly, Plaintiff's request for discovery should be denied.

## V.    THE DECLARATION OF F.J. PENNY ZAHLER IS IRRELEVANT

### A.    Paragraphs 2-8 Are Irrelevant With Respect To The Accuracy Of Kelly Siu's Declaration

In Paragraphs 2-8 of her 9/23/05 Declaration, Ms. Zahler maintains that certain statements contained in Ms. Siu's 8/31/05 Declaration are incorrect and reiterates portions of her 6/24/05 Declaration. (9/23/05 Zahler Decl. ¶¶ 2-8.) Specifically, Ms. Zahler asserts that Kelly Siu's statement, that all data relating to 2004 sales had been purged from Siu & Sons' computer records, is incorrect because Ms. Zahler was able to retrieve her account information on the Siu & Sons website. This assertion, however, is irrelevant because the data contained in the Siu & Sons web site is separate from Siu's internal financial records and would not have been deleted along with the purged data. (9/29/05 Siu Decl. ¶4, attached as Exh. A.) Moreover, Ms. Zahler's claim that she is still able to access her account information and her reiteration of portions of her earlier Declaration do not provide any better evidence that jurisdiction is proper in New York than did her original Declaration. As such, Paragraphs 2-8 of Ms. Zahler's Declaration should be disregarded.

### B.    Paragraphs 9-12 Are Irrelevant With Respect To The Issue Of Jurisdiction

In Paragraphs 9-12 of her Declaration, Ms. Zahler expounds her personal and unsupported theory that Siu & Sons "deliberately targeted products of Unique Industries for copying…". (9/23/05 Zahler Decl. ¶¶ 9-12.) Ms. Zahler's theories are not only inappropriate,

- 7 -

946625 v1

but are also irrelevant as to the question of whether or not jurisdiction exists. Moreover, for all of Ms. Zahler's alleged experience, her position as a paralegal employed by Plaintiff's counsel hardly qualifies her as an unbiased expert on infringement issues or photography. Accordingly, Paragraphs 9-12 of Ms. Zahler's Declaration should also be disregarded.

### C. Paragraph 13 Is Irrelevant With Respect To The Issue Of Jurisdiction

In Paragraph 13 of her Declaration, Ms. Zahler claims that she is personally aware that Plaintiff Unique has a large market presence in New York. (9/23/05 Zahler Decl. ¶13.) This statement also is completely irrelevant. Plaintiff's own sales in New York cannot possibly create jurisdiction over Defendant Siu & Sons. Paragraph 13 of Ms. Zahler's Declaration should be disregarded as well.

## VI. CONCLUSION

Plaintiff has failed to establish that personal jurisdiction over Siu & Sons is proper under C.P.L.R. §302(a)(1) or §302(a)(2) or that the exercise of personal jurisdiction comports with the Due Process Clause. The only contact by Defendant with this state was manufactured by Plaintiff's counsel, and that is not enough to keep the action here. See Anderson, 2005 U.S. Dist. LEXIS 14404 at *7. For this reason and the reasons set forth above, Plaintiff's Complaint alleged against Siu & Sons should be dismissed pursuant to FED. R. CIV. P. 12(b)(2).

- 9 -

                              Respectfully,

Dated: September 30, 2005                s/ Danielle V. Tully
                                                    Janet Dore (JD2992)
                                                    Gerard A. Haddad (GH2801)
                                                    Danielle V. Tully (DT1473)

                                                    Morgan & Finnegan, L.L.P.
                                                    3 World Financial Center
                                                    New York, NY 10281-2101
                                                    Telephone: (212) 415-8700
                                                    Facsimile: (212) 415-8701

                                                    Attorneys for Defendant
                                                    Siu & Sons International Trading Corp.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X
UNIQUE INDUSTRIES, INC.,            :
                                    :
                Plaintiff,           :
                                    :      05 Civ. 02744 (KMK)
        v.                          :      ECF Case – Electronically filed
                                    :
SIU & SONS INT'L TRADING CORP.,     :
                                    :
                Defendant.           :
------------------------------------X


**DECLARATION OF KELLY SIU IN SUPPORT OF SIU & SONS INT'L
TRADING CORP.'S REPLY MEMORANDUM IN SUPPORT OF ITS
MOTION TO DISMISS PURSUANT TO RULE 12(b)(2), F.R.C.P.**

I, KELLY SIU, declare as follows:

1.  I make this declaration in support of defendant Siu & Sons International Trading Corp.'s ("Siu & Sons") reply memorandum in support of its motion to dismiss pursuant to Rule 12(b)(2), F.R.C.P. for lack of personal jurisdiction.

2.  I am Vice President of Accounting at Siu & Sons.

3.  In my role as Vice President of Accounting, I am familiar with Siu & Sons' business records.

947357 v1

4.  Electronic purchase orders are maintained on a web site that is separate from Siu & Sons' internal financial records. Data purged from Siu & Sons' internal financial records would not have affected the purchase order data stored on the Siu & Sons web site.

I declare under penalty of perjury under the laws of the United States of America that, to the best of my knowledge, the foregoing is true and correct.

Executed: September 29, 2005

_____
KELLY SIU

947357 v1

- 2 -