UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNIQUE INDUSTRIES, INC.,

                Plaintiff,

   -v-

SUI & SONS INTERNATIONAL TRADING CORP.,

                Defendant.

Case No. 05-CV-2744 (KMK)

OPINION AND ORDER

---

Appearances:

Gerard F. Dunne, Esq.
Law Office of Gerard F. Dunne, P.C.
New York, New York
*Counsel for Plaintiff*

Janet Dore, Esq.
Gerard A. Haddad, Esq.
Danielle V. Tully, Esq.
Morgan & Finnegan, L.L.P.
New York, New York
*Counsel for Defendant*

KENNETH M. KARAS, District Judge:

      Plaintiff Unique Industries, Inc., ("Unique") brings this action for patent and copyright infringement against Defendant Siu & Sons International Trading Corp. ("Siu"). Plaintiff alleges that Defendant infringed a number of Plaintiff's copyrighted and/or patented products, including piñatas, balloons, balloon weights, wrapping paper, and other party paper goods. Defendant moves to dismiss the Complaint for lack of personal jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(2). Plaintiff argues that the Court has personal jurisdiction over Defendant, and in the

event that the Court finds that personal jurisdiction is lacking, Plaintiff seeks limited jurisdictional discovery.

## I.  Background

The Parties to this action are both in the business of selling party supplies.  Unique sells party supplies, such as piñatas, party hats, and decorations, to wholesalers, distributors, and retailers.  Unique is incorporated in Pennsylvania and has its principal place of business in Pennsylvania.[1]  (Compl. ¶ 1.)  Siu, like Unique, also sells party supplies.  Siu imports party goods from Asia and parts of Canada, and resells them, on a wholesale level, to retail stores.  (Siu Decl. ¶ 4, Aug. 31, 2005 ("Siu I Decl.").)  Siu does not sell directly to retail consumers.  (*Id.*)  Siu is incorporated in Canada and has its principal place of business in British Columbia, Canada.  (Compl. ¶ 2.)  Most of Siu's products are sold in Canada.  (Siu I Decl. ¶ 6.)

Siu has thirty-nine customers in the United States, (*Id.*), and Siu's records show that they have only one customer in New York, Penny T-Shirt, whose principal is F.J. Penny Zahler ("Zahler").  Zahler is also Plaintiff's attorney's paralegal.  (*Id.*; Zahler Decl. ¶ 1.)  Penny T-Shirt's business relationship with Siu was limited to two discrete events.  The first was a transaction which took place in June 2004, when Zahler, acting as Penny T-Shirt, made a one-time purchase valued at $338.40 from Siu's website, of which $59.76 was for accused products.[2]  (Siu I Decl. ¶ 6.)  The second interaction between Siu and Penny T-Shirt was during Christmas of that same year, when Penny T-Shirt received a 2005 calendar from Siu as "a normal marketing gift typically sent to customers."  (Zahler Decl. ¶ 7.)

---

[1] Unique also maintains an office in Canada, the address of which is listed on Unique's website.
[2] This sale, and all others in this Opinion, are expressed in Canadian currency values.

Siu has no "officers, employees, or agents residing in New York State" (Siu I Decl. ¶ 9); "has never had any office, telephone, or telephone listing in New York State" (*Id*.); "is not registered or licensed to transact business in the State of New York" (*Id*. ¶ 10); "does not own or lease any plant, warehouse, or real property of any nature anywhere in the State of New York" (*Id*. ¶ 11); has no bank accounts in New York State (*Id*. ¶ 12); has never "borrowed or invested any money" in New York State (*Id*.); "has never commenced any legal action or proceeding or been named as a defendant in any action" in New York State (*Id*. ¶ 13); has not "designated anyone within the State of New York to accept legal service of process" (*Id*. ¶ 14); "has never attended, or otherwise had its products, including the accused products, displayed at any trade shows in the State of New York" (*Id*. ¶ 15); and "does not advertise any of its products, including the accused products, in any magazines, newspapers, trade journals, or other publications or in the broadcast media anywhere, including New York State" (*Id*. ¶ 16). Siu markets its products solely through catalogs, and claims that Penny T-Shirt is "the only New York entity" on Siu's mailing list. (*Id*. ¶ 17.) Unique disputes this, citing prior statements by Siu representatives that initially denied any New York sales. (Janet Dore Letter to the Court, June 20, 2005.) Indeed, it was only after Plaintiff identified the sales to Penny T-Shirt that Siu acknowledged those New York transactions.

Siu does, however, maintain a website which is accessible to anyone on the Internet.[3] (*Id*. ¶ 18.) Visitors to the site who do not register with Siu can only view general information about the company. (*Id*.) In order to view and purchase products online, a visitor must register by filling out an online form that requires the visitor to provide the "legal name of the customer,

---

[3] Defendant's website is located at http://www.siusons.com.

3

the store's name, the customer's address, and the customer's IRS number . . . a user ID and a password for use in signing in." (*Id.*) Siu states that Penny T-Shirt is the only registered customer from New York. (*Id.*)

Unique's Complaint alleges that Siu has infringed Unique's copyright and patents by marketing and selling particular products in the United States and internationally. (Compl. ¶¶ 7-11, 79.) After being served with the Complaint, Siu claims to have "stopped selling all of the accused products in both the United States and Canada." (Siu I Decl. ¶ 22.) In Siu's first letter to the Court requesting a pre-motion conference, Siu stated that it had not conducted any sale or other type of business transactions in New York, and that it did not sell any of the products named in the Complaint in the United States until January 2005. (Janet Dore Letter to the Court, June 20, 2005.) In response, Unique noted that there was at least one purchase made from New York – the purchase made by Penny T-Shirt. (Gerard F. Dunne Letter to the Court, June 24, 2005.) Sui attributes its initial failure to account for the sale to Zahler to a data purge which removed all pre-2005 data from Sui's accounting system and on to backup systems. (Sui I Decl. ¶ 5.) After restoring its data, and conducting a search of all accounts since 1999, Siu maintained that there was only one sale to New York, the transaction initiated by Penny T-Shirt. (Def.'s Reply Mem. in Supp. of Mot. to Dismiss for Lack of Personal Jurisdiction at 1 ("Def.'s Reply Mem."); Siu Decl. ¶ 4, Sept. 29, 2005 ("Siu II Decl.").) Unique has questioned the truthfulness of Siu's alleged computer purge, because Zahler was able to access her purchase record online. (Zahler Decl. ¶¶ 4-6.) Siu explained that electronic purchase orders and internal financial records were stored on different systems, which is why the purge did not delete any electronic purchase order data, and why Zahler was able to access records of the sale but Defendant was

unable to access those same records.  (Siu II Decl. ¶ 4-5.)  Sui now moves to dismiss for a lack of personal jurisdiction, and Unique seeks limited jurisdictional discovery.

## II.  Discussion

### A.  Standard of Review

A court may not hear a case involving a defendant over which it has no jurisdiction.  *See In re Ski Train Fire in Kaprun, Austria on Nov. 11, 2000*, 230 F. Supp. 2d 403, 406 (S.D.N.Y. 2002).  Indeed, a plaintiff has the ultimate burden of establishing, by a preponderance of the evidence, that the court maintains jurisdiction over the defendant.  *See Kernan v. Kurz-Hastings, Inc.*, 175 F.3d 236, 240 (2d Cir. 1999); *see also Metro. Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 566 (2d Cir. 1996).  However, "[p]rior to discovery, a plaintiff challenged by a jurisdiction testing motion may defeat the motion by pleading in good faith . . . legally sufficient allegations of jurisdiction, i.e., by making a *prima facie* showing of jurisdiction."  *Jazini v. Nissan Motor Co.,* 148 F.3d 181, 184 (2d Cir. 1998) (internal quotation marks and citations omitted); *see also Ball v. Metallurgie Hoboken-Overpelt, S.A.*, 902 F.2d 194, 197 (2d Cir. 1990) ("If the defendant is content to challenge only the sufficiency of the plaintiff's factual allegation, in effect demurring by filing a Rule 12(b)(2) motion, the plaintiff need persuade the court only that its factual allegations constitute a prima facie showing of jurisdiction.").  "[A] prima facie showing of jurisdiction does not mean that plaintiff must show only some evidence that defendant is subject to jurisdiction; it means that plaintiff must plead facts which, if true, are sufficient in themselves to establish jurisdiction."  *Bellepointe, Inc. v. Kohl's Dep't Stores, Inc.*, 975 F. Supp. 562, 564 (S.D.N.Y. 1997).  A plaintiff may "make this showing through [its] own affidavits and supporting materials[,] containing an averment of facts that, if credited . . . , would

suffice to establish jurisdiction over the defendant." *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 208 (2d Cir. 2001) (internal quotation marks and citations omitted). While a court may consider materials beyond the pleadings, the court must credit a plaintiff's allegations in support of jurisdiction. *See A.I. Trade Fin., Inc. v. Petra Bank*, 989 F.2d 76, 79-80 (2d Cir. 1993) ("[W]here the issue is addressed on affidavits, all allegations are construed in the light most favorable to the plaintiff and doubts are resolved in the plaintiff's favor, notwithstanding a controverting presentation by the moving party."). The analysis differs, however, if the jurisdiction challenge involves discovery and a hearing: in such a case the plaintiff must demonstrate jurisdiction by a preponderance of the evidence. *See Cutco Indus. v. Naughton*, 806 F.2d 361, 364 (2d Cir. 1986); *see also Ball*, 902 F.2d at 197 (noting that when "defendant contests the plaintiff's factual allegations, then a hearing is required, at which the plaintiff must prove the existence of jurisdiction by a preponderance of the evidence").

No specific federal statute governs personal jurisdiction on copyright claims, so courts rely on the forum state's law to determine personal jurisdiction when the defendant, as here, is a foreign corporation. *See PDK Labs v. Friedlander*, 103 F.3d 1105, 1108 (2d Cir. 1997); *Overseas Media, Inc. v. Skvortsov*, 407 F. Supp. 2d 563, 567 (S.D.N.Y. 2006) (citing *Blue Ribbon Pet Prods., Inc. v. Rolf C. Hagen (USA) Corp.*, 66 F. Supp. 2d 454, 459 (E.D.N.Y. 1999)). Therefore, New York law will determine whether this Court has personal jurisdiction over Defendant. *See Sunward Elecs., Inc. v. McDonald*, 362 F.3d 17, 22 (2d Cir. 2004) ("Because the Lanham Act does not provide for national service of process, the New York State long-arm statute governs this inquiry."); *see also* N.Y. C.P.L.R §§ 301-302. If Defendant is subject to personal jurisdiction under New York law, the Court would then determine whether

"its assertion of jurisdiction pursuant to the forum state's laws comports with the requirement of due process" established by the Supreme Court in *Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945). *See Allojet PLC v. Vantage Assocs.*, No. 04-CV-5223, 2005 WL 612848, at *5 (S.D.N.Y. Mar. 15, 2005).

### B. Jurisdictional Analysis

Plaintiff primarily argues that Defendant should be subject to the specific personal jurisdiction provision of New York's long-arm statute, N.Y. C.P.L.R. § 302(a).[4] Section 302

---

[4] Plaintiff does not argue that this Court has general jurisdiction over Defendant pursuant to N.Y. C.P.L.R. § 301. Plaintiff's Memorandum in Opposition, however, makes reference, in passing, to N.Y. C.P.L.R. § 301. (Pl.'s Mem. in Opp'n to Mot. to Dismiss for Lack of Personal Jurisdiction at 1 ("Pl.'s Mem").) Defendant has understood that reference to be a typographical error meant to refer to N.Y. C.P.L.R. § 302. (Def.'s Reply Mem. at 1 n.1.) Out of an abundance of caution, the Court has considered, and rejected, any basis for personal jurisdiction pursuant to N.Y. C.P.L.R. § 301.

"To obtain jurisdiction under CPLR 301, defendant must be 'doing business' at the time the action is brought." *Overseas Media*, 407 F. Supp. at 568 (citation omitted). A defendant's business activities in New York must be "continuous, permanent, and substantial." *Id.* at 568 (quoting *Wiwa v. Royal Dutch Petroleum Co.*, 226 F.3d 88, 95 (2d Cir. 2000)). The standard for establishing general jurisdiction is "stringent, because a defendant who is found to be doing business in New York in a permanent and continuous manner may be sued in New York on causes of action wholly unrelated to acts done in New York." *Overseas Media*, 407 F. Supp. 2d at 567-68 (citation omitted).

It is undisputed that Defendant has no office, employees, bank accounts, or any other property in New York. Nor does Defendant solicit business specifically in New York. The absence of these elements militates strongly against an assertion of general jurisdiction. *See id.* at 568. Any claim in support of general jurisdiction therefore would depend on Defendant's single sale of alleged infringing products to Penny T-Shirt, as well as the mailing of a promotional calendar to Penny T-Shirt. (Siu Decl. I ¶ 6; Zahler Decl. I ¶ 7.) General jurisdiction under Section 301 is not proper, however, because Defendant's two contacts with the forum are statistically insignificant. "Courts will frequently look to the percentage of a company's revenue attributable to New York business in determining whether solicitation is substantial and continuous." *Overseas Media*, 407 F. Supp. 2d at 569. When less than 5% of a company's revenue attributes to its business in the forum state, general jurisdiction is normally denied. *See id.* Zahler's purchase from Defendant constitutes less than one-percent of Defendant's total sales of the

permits the Court to exercise personal jurisdiction over a defendant "on a lesser showing of forum contacts [than necessary under the 'doing business' standard of Section 301] if the cause of action arises from those contacts." *Overseas Media*, 407 F. Supp. 2d at 571 (internal quotation marks omitted); *see* N.Y. C.P.L.R. § 302(a). Under Section 302, the Court has personal jurisdiction over a non-domiciliary if the non-domiciliary:

> 1) transacts any business within the state or contracts anywhere to supply goods or services in the state; or 2) commits a tortious act within the state . . . ; or 3) commits a tortious act without the state causing injury to person or property within the state . . . if he (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce.

N.Y. C.P.L.R. § 302(a). Plaintiff argues that personal jurisdiction over Defendant is proper under both § 302(a)(1) and § 302(a)(2).[5]

Taking the claims in reverse order, the Court begins with Section 302(a)(2). This provision extends jurisdiction to non-domiciliaries who "commit[] a tortious act within the state." N.Y. C.P.L.R. § 302(a)(2). In *Bensusan Rest. Corp. v. King*, 126 F.3d 25 (2d Cir. 1997), the Second Circuit considered whether Section 302(a)(2) extended jurisdiction in a trademark action over a defendant who was not physically present in New York, but whose tortious act may

---

alleged infringing products. (Siu Decl. I ¶¶ 6-7.) This falls far short of establishing general jurisdiction through the "substantial solicitation test." *Id.*; *see also Aqua Prods., Inc. v. Smartpool, Inc.,* No. 04-CV-5492, 2005 WL 1994013, at *4 (S.D.N.Y. Aug. 18, 2005) ("Courts have held that sales in the forum state, which comprise only two percent of a company's total income, fails to satisfy the substantial solicitation test."). Thus, Plaintiff cannot make a prima facie showing of general jurisdiction over Defendant.

[5] The Court does not consider the reach of Section 302(a)(3) in this Opinion, however, because Plaintiff has not raised it.

have injured someone residing in New York. The plaintiff, which resided in New York, claimed that the defendant's website, which was owned and operated out of Missouri, infringed on its trademark. The Second Circuit held that Section 302(a)(2) requires the physical presence of the *defendant* in New York when the tort is committed. *Id.* at 29 (holding that there was no personal jurisdiction under Section 302(a)(2) because the alleged infringing acts were "performed by persons physically present in Missouri and not in New York").

As noted by the Second Circuit, the *Bensusan* decision comports with the decisions of the New York Court of Appeals, which has held that Section 302(a)(2) requires the physical presence of the defendant in New York. *Id.* at 28 (citing *Kramer v. Vogl*, 215 N.E.2d 159 (N.Y. 1966); *Platt Corp. v. Platt*, 217 N.E.2d 134 (N.Y. 1966); *Feathers v. McLucas*, 209 N.E.2d 68 (N.Y. 1965)). There is perhaps no clearer – or dramatic – illustration of the physical presence requirement than the one found in the official Practice Commentary to N.Y. C.P.L.R. § 302, which was quoted by the *Bensusan* court, and reads: "if a New Jersey domiciliary were to lob a bazooka shell across the Hudson River at Grant's tomb, *Feathers* would appear to bar the New York courts from asserting personal jurisdiction over the New Jersey domiciliary in an action by an injured New York plaintiff."[6] *Bensusan*, 126 F.3d at 28 (quoting N.Y. C.P.L.R. 302:17).

Jurisdiction under Section 302(a)(2) is improper in this case, because there is no allegation that Defendant has ever been physically present in New York State. The sale of accused products took place while Defendant was in Canada. Likewise, Defendant was in

---

[6] Section 302(a)(2) is the conceptual descendant of New York's non-resident motorist statute, which extended personal jurisdiction over non-domiciliary motorists involved in vehicular accidents in New York State. *See* N.Y. C.P.L.R § 302:10. As with the non-resident motorist statute, Section 302(a)(2) requires the defendant's physical presence in New York before a plaintiff can assert personal jurisdiction over them.

Canada when Penny T-Shirt received the accused products and promotional calendar. To analogize, Defendant lobbed its alleged bazooka shell from British Columbia, not New York State. Therefore, jurisdiction under Section 302(a)(2) is lacking because Defendant was not physically in New York, as is required by *Bensusan*. While it is true that Defendant's products have been introduced into New York, that is not enough, *see Bauer Indus., Inc. v. Shannon Luminous Materials Co.*, 383 N.Y.S.2d 80 (App. Div. 1976) (holding that a non-domiciliaries' mailing of a letter to New York containing fraudulent representations was not a tortious act within the state); Defendant, not his allegedly infringing products, must be in New York for there to be jurisdiction under Section 302(a)(2). *See Panacea Solutions*, 2006 WL 3096022, at *5 (holding that jurisdiction under Section 302(a)(2) was lacking because defendant was not physically present in New York when alleged to have committed infringing acts); *Pieczenik, v. Dyax Corp.*, No. 00-CV-243, 2000 WL 959753, at *6 (S.D.N.Y. July 11, 2000), *aff'd*, 265 F.3d 1329 (Fed. Cir. 2001) (holding that jurisdiction under Section 302(a)(2) was improper because defendant committed the tort while physically located in Massachusetts, not New York); *Carlson v. Cuevas*, 932 F. Supp. 76, 80 (S.D.N.Y. 1996) ("To subject non-residents to New York jurisdiction under § 302(a)(2) the defendant must commit the tort while he or she is physically in New York State."). Therefore, Plaintiff cannot assert jurisdiction under Section 302(a)(2).

Thus, Plaintiff is only left with a claim for jurisdiction under Section 302(a)(1). To establish personal jurisdiction under Section 302(a)(1), Plaintiff must show that Defendant "transacts business" in New York, and that the cause of action arises directly from Defendant's acts within the state. *Cutco Indus., Inc. v. Naughton*, 806 F.2d 361, 365 (2d Cir. 1986). Even though "[a] single transaction of business is sufficient to give rise to jurisdiction under C.P.L.R.

§ 302(a)(1)," *Citigroup Inc. v. City Holding Co.*, 97 F. Supp. 2d 549, 564 (S.D.N.Y. 2000), a defendant "transacts business" only when it "purposefully avails [itself] of the privilege of conducting activities within [New York]." *Cutco*, 806 F.2d at 365 (citing *McKee Elec. Co. v. Rauland-Borg Corp.*, 224 N.E.2d 604, 607 (N.Y. 1967)); *see also Falik v. Smith*, 884 F. Supp. 862, 866 (S.D.N.Y. 1995). In other words, Plaintiff must show that "the totality of all defendant's contacts with the forum state . . . indicate that the exercise of jurisdiction would be proper." *Cutco*, 806 F.2d at 365; *see also Grand River Enters. Six Nations Ltd. v. Pryor*, 425 F.3d 158, 166 (2d Cir. 2005).

Defendant's maintenance of a web site which is accessible to New Yorkers may not, by itself, be sufficient to confer personal jurisdiction over Defendant. *See Panacea*, 2006 WL 3096022, at *3 ("Defendants did not transact business in New York by virtue of their websites, which are minimally interactive, available worldwide, and do not target New Yorkers."); *Aqua Prods., Inc. v. Smartpool, Inc.*, No. 04-CV-5492, 2005 WL 1994013, at *5 (S.D.N.Y. Aug. 18, 2005) ("Acquiring specific jurisdiction over a defendant based on a party's use of the internet depends on the nature and quality of commercial activity conducted online." (citation omitted)); *Mattel, Inc. v. Procount Bus. Servs.*, No. 03-CV-7234, 2004 WL 502190, at *2 (S.D.N.Y. Mar. 10, 2004) ("[O]ne does not subject himself to the jurisdiction of the courts in another state simply because he maintains a website which residents of that state visit." (citing *Bensusan*, 126 F.3d at 25)).[7]

Moreover, to the extent Plaintiff is relying on the Penny T-Shirt purchase, it is clear that

---

[7] The mailing of the promotional calendar does not support a finding of jurisdiction, because the calendar is not one of the accused products, nor does it advertise those products. The calendar is unrelated to Plaintiff's claims in this action which sound in patent and copyright infringement.

11

this purchase was done by an agent of Plaintiff, and arguably for the purpose of creating personal jurisdiction over Defendant in New York. A straw poll of courts within the Second Circuit (but not including the Second Circuit) and around the country shows judicial hostility towards finding jurisdiction under such potentially manufactured circumstances. *See ISI Brands, Inc. v. KCC Int'l, Inc.*, 458 F. Supp. 2d 81, 89 (E.D.N.Y. 2006) (noting, in a case where purchases of counterfeit products were made by plaintiff's agents, "[i]t is beyond dispute that jurisdiction cannot be manufactured by the Plaintiff."); *Mattel, Inc. v. Anderson*, No. 04-CV-5275, 2005 WL 1690528, at *2 (S.D.N.Y. July 18, 2005) ("'Defendant[ ] cannot be said to have 'purposefully' availed [herself] of the protections of this forum when it was an act of someone associated with plaintiff, rather than [her] web site advertising, that brought [her] products into this forum.'" (quoting *Millennium Enters., Inc. v. Millennium Music, LP*, 33 F. Supp. 2d 907, 911 (D. Or. 1999)); *Edberg v. Neogen Corp.*, 17 F. Supp. 2d 104, 112 (D. Conn. 1998) (noting that "the courts have repeatedly held that jurisdiction may not be manufactured by the conduct of others"); *Elbex Video Kabushiki Kaisha v. Taiwan Regular Elec. Co.*, No. 93-CV-6160, 1995 WL 224774, at *2 (S.D.N.Y. Apr. 14, 1995) (adopting Report and Recommendation rejecting personal jurisdiction when plaintiff had former employee make purchase from defendant for purpose of creating jurisdiction); *see also Clarus Transphase Scientific, Inc. v. Q-Ray, Inc.*, No. C 06-3450, 2006 WL 2374738, at *3 n.3 (N.D. Cal. Aug. 16, 2006) ("A plaintiff cannot manufacture personal jurisdiction in a trademark case by purchasing the accused product in the forum state." (citing *Millennium Enters.*, 33 F. Supp. 2d at 911)); *Jell-E-Bath Inc. v. Crystal Mud Spa*, No. 05-1703-KI, 2006 WL 1305113, at *3 n.1 (D. Or. May 8, 2006) ("Plaintiff cannot manufacture personal jurisdiction."); *McGill Tech. Ltd. v. Gourmet Techs., Inc.*, 300 F. Supp. 2d 501, 506

(E.D. Mich. 2004) (disregarding a contact with forum state when contact was likely the product of plaintiff's counsel's family member and initiated for purposes of litigation) (citing, *inter alia*, *Elecs. For Imaging, Inc. v. Coyle*, 340 F.3d 1344, 1350 (Fed. Cir. 2003)); *Millennium Enters.*, 33 F. Supp. 2d at 911 (holding that internet purchase of one compact disc by plaintiff's counsel did not constitute purposeful availment); *Sunwest Silver, Inc. v. Int'l Connection, Inc.*, 4 F. Supp. 2d 1284, 1287 (D. N.M. 1998) ("Courts have held repeatedly that a defendant's responses to the unilateral acts of a plaintiff are not contacts with the forum state sufficient to establish personal jurisdiction." (citations omitted)); *DeSantis v. Hafner Creations, Inc.*, 949 F. Supp. 419, 424 (E.D. Va. 1996) (holding that personal jurisdiction was lacking when the only contact by defendant with forum state was initiated by plaintiff's counsel's paralegal, for the sole purpose of establishing personal jurisdiction); *Network Prof'ls, Inc. v. Network Int'l Ltd.*, 146 F.R.D. 179, 181 n.1 (D. Minn. 1993) ("[A] plaintiff cannot manufacture personal jurisdiction through unilateral activities such as telephoning the defendant." (citing *Wines v. Lake Havasu Boat Mfg., Inc.,* 846 F.2d 40, 43 (8th Cir. 1988)). The underlying theory of these cases is that it was plaintiffs' improperly manipulative acts which were solely being relied upon to create jurisdiction, and not anything that defendants did to avail itself of the forum's jurisdiction.

On this point, however, there is not unanimity among the courts. *See Philip Morris USA Inc. v. Veles Ltd.*, No. 06-CV-2988, 2007 WL 725412, at *5 (S.D.N.Y. Mar. 12, 2007) (holding that single sale to plaintiff's investigator is sufficient to establish personal jurisdiction); *Mattel, Inc. v. Procount Bus. Servs.*, 2004 WL 502190, at *2 (holding that jurisdiction was proper when transaction was initiated by plaintiff's investigator); *Mattel, Inc. v. Adventure Apparel*, No. 00-CV-4085, 2001 WL 286728, at *3 (S.D.N.Y. Mar. 22, 2001) (same). In each of these decisions

13

the court held that defendant purposefully availed itself of the jurisdiction by selling the accused products, regardless of whether the availment was in response to solicitation by plaintiff. However, some courts have noted that sales of an allegedly infringing product to a plaintiff's representatives did not and could not cause the type of consumer confusion necessary to make out an intellectual property infringement case. *See ISI Brands*, 458 F. Supp. 2d at 88 (noting that plaintiff's purchases of infringing product had "nothing to do with Plaintiff's action for infringement since [they] cannot claim to have been confused as to whom [they] [were] dealing" (citing *Anderson*, 2005 WL 1690528, at *2) (alterations in the original)); *cf. McBee v. Delica Co.*, 417 F.3d 107, 128 (1st Cir. 2005) (rejecting request for preliminary injunction against foreign manufacturer for alleged Lanham Act violation where the only sales "were all made to [plaintiff's] own investigators, who were brought in to assist in this litigation and therefore fully understood [plaintiff's] lack of any relationship with [defendant].").

    C.  Jurisdictional Discovery

    The question of whether there is personal jurisdiction, or more properly, whether Plaintiff has made a prima facie case for personal jurisdiction over Defendant comes down to whether Defendant transacted business that is directly related to this action. However, mindful of Plaintiff's request for jurisdictional discovery, the Court need not, and therefore will not, resolve the sufficiency of the single sale of goods to Plaintiff's representative as a basis for personal jurisdiction at this time. *See Alicea v. Lasar Mfg. Co.*, No. 91-CV-3929, 1992 WL 230203, at *1 (S.D.N.Y. Aug. 31, 1992) (declining to rule on jurisdictional motion to dismiss pending jurisdictional discovery). Here, assuming without deciding that Plaintiff has not, by virtue of the Penny T-Shirt transaction, made a prima facie case for personal jurisdiction over Defendant,

Plaintiff has justified its request for jurisdictional discovery.

Even if a plaintiff has not made out a prima facie showing for personal jurisdiction, "the Court has discretion to order further discovery on the jurisdictional issue, provided that the plaintiff[] make[s] a threshold showing of jurisdiction and establishes that [its] position is not frivolous." *Stratagem Dev. Corp. v. Heron Int'l N.V.*, 153 F.R.D. 535, 547-48 (S.D.N.Y. 1994); *see also Daventree Ltd. v. Republic of Azerbaijan*, 349 F. Supp. 2d 736, 761 (S.D.N.Y. 2004) ("It is within a district court's discretion to determine whether a plaintiff is entitled to conduct jurisdictional discovery and to 'devise the procedures [to] ferret out the facts pertinent to jurisdiction.'" (quoting *APWU v. Potter,* 343 F.3d 619, 627 (2d Cir. 2003))). Put another way, a plaintiff is permitted jurisdictional discovery if that plaintiff has "at the very least . . . made a sufficient start." *BHP Trading (UK) Ltd. v. Deep Sea Int'l Shipping Co.*, No. 90-CV-2231, 1991 WL 198747, at *5 (S.D.N.Y. Sept. 23, 1991); *see also Alloget PLC v. Vantgage Assocs.*, No. 04-CV-5223, 2005 WL 612848, at *7 (S.D.N.Y. Mar. 15, 2005) (noting that because plaintiff "has made a sufficient start toward establishing that there is general jurisdiction and has shown a reasonable basis for the Court to assume jurisdiction, discovery is permitted solely as to the facts that relate to establishing general jurisdiction under Section 301"); 16 J. Moore, et al., Moore's Federal Practice, § 108.44[3] ("In cases involving an interactive website, it may be appropriate for the district court to allow jurisdictional discovery as to the amount of business activity that is actually carried on over the internet with the forum state.").

While there are serious questions about whether Plaintiff has made out a prima facie case for personal jurisdiction under Section 302(a)(1), the Court, in the exercise of its discretion, has little trouble granting Plaintiff's request for jurisdictional discovery. First, the allegations thus

far establish that Defendant has sold some allegedly infringing product to a New York customer, albeit to an entity likely created in anticipation of this litigation.  While the Court is not yet prepared to rule whether this transaction is enough to establish personal jurisdiction, it is certainly a "sufficient start toward establishing jurisdiction."  Second, the Court shares Plaintiff's concern about the initial denials by Defendant of any New York sales.  In its preliminary request to file this motion, Defendant represented that it was unaware of any sales to New York.  When Plaintiff exposed that statement as untrue, Defendant then claimed that a data purge explained its initial misstatement, but then also insisted that a further review of its records revealed no further New York sales.  While the Court does not here suggest that Defendant's representatives have been intentionally untruthful, it nonetheless remains the case that Defendant has made inconsistent statements about its New York sales.  Accordingly, the Court finds that Plaintiff's request for jurisdictional discovery is not frivolous and orders Defendant to provide jurisdictional discovery requested by Plaintiff within sixty days from the date of this Order.  *See Alicea*, 1992 WL 230203, at *2 (noting that confusion about defendant's disclosures regarding facts relevant to jurisdictional inquiry justified order of jurisdictional discovery).  Within thirty days of the jurisdictional discovery deadline, Defendant may renew its motion for dismissal based on a lack of personal jurisdiction, and Plaintiff will have fourteen days to respond.  Defendant may reply seven days thereafter.

### III. Conclusion

Therefore, for the reasons stated above, Defendant's Motion to Dismiss for Lack of Personal Jurisdiction is DENIED WITHOUT PREJUDICE. Plaintiff's request for limited personal jurisdictional discovery is GRANTED, consistent with the procedures outlined herein. The Clerk of the Court is directed to terminate the Motion. (Dkt. No. #12.)


SO ORDERED.

Dated: November 8, 2007
       New York, New York

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE

Service List:

Gerard F. Dunne, Esq.
Law Office of Gerard F. Dunne, P.C.
156 Fifth Avenue, Suite 1223
New York, NY 10010
(212)-645-2410
Fax: (212)-645-2435
*Counsel for Plaintiff*

Janet Dore, Esq.
Gerard A. Haddad, Esq.
Danielle V. Tully, Esq.
Morgan & Finnegan, LLP
Three World Financial Center
New York, NY 10281
(212)-415-8563
Fax: (212)-415-8701
*Counsel for Defendant*